UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and on behalf of JET GENIUS HOLDINGS, INC. as shareholder thereto,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BROWN, individually and in his capacity as CEO, Director, and Chairman of co-defendant JET GENIUS HOLDINGS, INC., JET GENIUS HOLDINGS, INC., JET GENIUS FLORIDA HOLDINGS, INC., C3jets LLC, BOWMAN AVIATION LLC, and DOES 1-20,<br><br>Defendants. | Case No.:  22-CV-1164-GPC(JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; VACATING HEARING; AND DENYING PENDING MOTIONS TO DISMISS AS MOOT**<br><br>[ECF No. 16] |

Before the Court is Plaintiff Aaron Stanz's ("Plaintiff" or "Stanz") Motion for Leave to File a First Amended Complaint. ECF No. 16. Defendants Jordan Brown ("Brown"); C3jets LLC ("C3jets"); and Jet Genius Florida Holdings, Inc. ("JGFH") filed Oppositions. ECF Nos. 19, 20. Plaintiff filed Replies to both Oppositions. ECF Nos. 22, 23.  Based on the reasoning below, the Court **GRANTS** Plaintiff's Motion for Leave to

1

File a First Amended Complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's order. The hearing currently set for March 3, 2023 is **VACATED**.

## BACKGROUND

On August 8, 2022, Plaintiff filed a Complaint against Defendants Jordan Brown; Jet Genius Holdings, Inc.; Jet Genius Florida Holdings, Inc.; C3jets LLC; and Bowman Aviation LLC (collectively "Defendants") alleging numerous causes of action for: (1) violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1); (2) violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426; (3) breach of contract; (4) breach of fiduciary duty; (5) fraud; (6) conspiracy; (7) accounting; and (8) unjust enrichment. ECF No. 1 (Compl.) ¶¶ 51-141. Plaintiff's initial Complaint presents numerous factual allegations, including that Defendant Brown "misappropriated Plaintiff's (and his company's) intellectual property and set up new companies to evade the FET [Federal Excise Tax] and dilute Plaintiff's shareholder value." *Id.* ¶ 2.

On September 9, 2022, Defendants Brown and C3jets filed a Motion to Dismiss. ECF No. 3. Plaintiff did not respond to the Motion, and instead filed an Amended Complaint on October 11, 2022. ECF No. 6. Because Plaintiff's First Amended Complaint ("FAC") was filed more than 21 days after service of Defendants' Motion to Dismiss, (Fed. R. Civ. P. 15(a)(1)(B)), the Court struck the Amended Complaint as untimely under Rule 15(a)(1). ECF No. 19.

On December 5, 2022, Defendant Jet Genius Holdings, Inc. ("JGH") filed a Motion to Dismiss. ECF No. 11. On December 6, 2022, Defendant JGFH filed a Motion to Dismiss. ECF No. 12. On December 27, 2022, Plaintiff filed a Motion for Leave to Amend the Complaint. ECF No. 16. The Court set a briefing schedule and vacated the hearing on the Motions to Dismiss pending the Court's ruling on the instant Motion. ECF No. 17. On January 25, 2023, Defendants Jordan Brown, C3jets, and JGFH filed Oppositions to Plaintiff's Motion. ECF Nos. 19, 20. On February 8, 2023, Plaintiff filed his Replies. ECF Nos. 22, 23.

The Proposed First Amended Complaint ("PFAC") is substantially different from the initial Complaint. *See* ECF No. 16-5; ECF No. 21-1 (redline version). The PFAC appears to add factual allegations, parties, and causes of action. Plaintiff states that "[s]ince filing his original complaint, [he] has discovered new information" and now seeks to add three new Defendants—C3 Limo LLC, Jet Agency Global LLC, and the Brown Family Trust[1]—as well as additional causes of action "under RICO and for Equitable Contribution." ECF No. 16-1 at 1, 3. Defendants Brown, C3jets, and JGFH oppose Plaintiff's Motion primarily on the grounds that the PFAC does not "meaningfully address the legal issues raised in Defendants' pending Motions to Dismiss and Strike" and because the new causes of action fail to state a claim for relief. ECF No. 19 at 6-7; *see also* ECF No. 20 at 8.

## REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the Court grants Defendants' request for judicial notice of Plaintiff's initial Complaint, (ECF No. 1), Defendants Jordan Brown and C3jets's Motion to Dismiss and supporting documents, (ECF No. 3), and Defendant JGFH's Motion to Dismiss, (ECF No. 12). *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."). Because Defendants request notice of documents filed in this Court, and Plaintiff has not opposed this request, the Court **GRANTS** Defendants' requests for judicial notice. *See* ECF No. 19-1, 20-2.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it; or (B) 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). "In all other

---

[1] Defendants' Opposition argues that a family trust cannot be sued. *See* ECF No. 19 at 17. Plaintiff concedes this and states that he "will remove the Family trust as a defendant." ECF No. 23 at 10.

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating "[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'").

In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted;[2] (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). The burden of demonstrating prejudice falls on the party opposing leave to amend. *DCD Programs*, 833 F.2d at 187.

When determining whether to grant leave to amend, courts must bear in mind that "the underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *see also In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 32 1017, 1027 (N.D. Cal. 2021).

---

[2] Because this is Plaintiff's first amended complaint, the Court does not discuss this factor.

# DISCUSSION

## A. Undue Delay

First, the Court must determine if Plaintiff unduly delayed in filing this Motion. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990). A court should also determine if "permitting amendment would . . . produce an undue delay in the litigation." *Waryck v. Thor Motor Coach Inc.*, 2023 WL 300138, at *2 (S.D. Cal. Jan. 18, 2023) (quoting *Jackson*, 902 F.2d at 1387).

Plaintiff argues that there is no undue delay and amendment will not alter the proceeding's scheduling. ECF No. 16-1 at 8. Plaintiff states the case has only been active for 4.5 months and there is "sufficient time remaining for the parties to conduct relevant discovery." *Id.* Neither Opposition argues undue delay is present.

The Court finds Plaintiff has not unduly delayed. A Declaration submitted by Plaintiff's counsel Wade Miller states that, following filing the initial Complaint, "new and important facts continue[] to come to light." ECF No. 16-2 ¶ 9. Plaintiff alleges he "has discovered new information regarding Defendants, and these new details support Plaintiff's previously asserted claims." ECF No. 16-1 at 7. Specifically, following filing of the initial Complaint, Plaintiff and counsel were "made aware of actions by Defendant Jordan Brown against his business competitor, Jason Johnson." *Id.* at 5. Plaintiff states he learned Defendant Brown made threats to kill Johnson and argues that this discovery supports the addition of a RICO cause of action, because RICO "includes 'any act or threat involving murder.'" *Id.* at 7 (citing 18 U.S.C. § 1961(1)(A)). In addition, because this Motion to Amend was filed only 4.5 months after the initial Complaint, the Court finds amendment at this stage will not substantially delay litigation. *See also Waryck*, 2023 WL 300138 at *2 (finding no undue delay when motion for amendment was filed three months after commencement of the action because it was an "early stage of proceedings"). No scheduling order has been issued, and discovery has not yet begun. *See*

*also SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ("To show undue delay, the opposing party must at least show delay past the point of initiation of discovery . . . ."). Thus, this factor weighs in favor of granting leave to amend.

### B. Bad Faith

Bad faith exists when the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Bad faith may also be present when the moving party has a "'history of dilatory tactics.'" *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 WL 913031, at *5 (N.D. Cal. Feb. 27, 2015) (quoting *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001)). A court should look to the record to determine if bad faith exists. *Id.* (citing *DCD Programs*, 833 F.2d at 187).

Plaintiff argues there is no evidence of bad faith. Defendants do not make any argument Plaintiff is acting in bad faith. The Court agrees. Plaintiff does not appear to be attempting to prolong the litigation. As stated above, the initial Complaint was filed only four and a half months prior to the present Motion, and discovery has not yet started. Thus, this factor weighs in favor of granting leave.

### C. Prejudice

"Prejudice is the touchstone of the inquiry under Rule 15(a)," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting a leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (internal quotations omitted). Prejudice may exist where new allegations "greatly alter[] the nature of the litigation" and would require defendants to undertake, "at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require

additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Here, Defendants make no argument they will suffer from undue prejudice should Plaintiff's Motion to Amend be granted, and as stated above, it is the non-movant's burden to demonstrate prejudice. Plaintiff argues that he does "not add these parties or new claims late to litigation as the case was only filed in August of 2022." ECF No. 16-1 at 9.

The Court finds amendment at this stage and under these circumstances would not unduly prejudice Defendants. The new claims and allegations do not alter the nature of the litigation to a significant extent as they all concern Defendant Brown's allegedly improper and illegal actions. Further, the litigation is in early stages. Plaintiff filed his Motion for Leave to Amend only four and a half months after filing of the initial Complaint. Defendants have filed Motions to Dismiss, but no significant briefing has occurred on the arguments presented therein. *See Fremantlemedia N. Am., Inc. v. AXA Ins. Co.*, 2010 WL 11601204, at *3 (C.D. Cal. Nov. 5, 2010) (granting motion for leave to amend because the case was in "its early stages and neither party has conducted discovery, except for initial disclosures"). Accordingly, Defendant has not demonstrated it would be prejudiced by the filing of an amended complaint, and thus, this factor weighs in favor of granting leave to amend.

### D. Futility

An amendment is futile "only if it would clearly be subject to dismissal." *SAES Getters*, 219 F. Supp. 2d at 1086 (citing *DCD Programs*, 83 F.2d at 188). Amendment is futile when a court could not "conceive of additional facts that could, if formally alleged, support the claim[s]." *Corinthian Colls.*, 655 F.3d at 995. "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters*, 219 F. Supp. 2d at 1086. Courts generally do not consider the validity of a proposed amended

pleading in deciding whether to grant leave to amend, instead deferring consideration of challenges to the merits after leave to amend is granted and the amended pleadings are filed. *See id.*; *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("[D]enial [of a motion to amend] on this ground is rare and courts generally defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Due to the complexity of the legal issues and sheer volume of factual allegations, arguments, and Defendants, the Court finds Defendants' arguments are more appropriately resolved at the Motion to Dismiss stage after substantive briefing by all Parties. Plaintiff has yet to respond to the Motions to Dismiss and was limited to the length of a Reply brief to respond to Defendants' substantive arguments presented in their Oppositions to the present Motion. Due to the complicated nature of the factual allegations and causes of action, the Court is not prepared to say that there exists no factual scenario in which all or some of Plaintiff's causes of action can survive a Motion to Dismiss against all or some of the Defendants.

Overall, the *Foman* factors weigh in favor of permitting Plaintiff to amend his Complaint. The Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint given the strong federal policy favoring amendments due to a preference for resolving cases on the merits. *See DCD Programs, Ltd.*, 833 F.2d at 186.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff shall file an Amended Complaint within five (5) days of the Court's order. The hearing currently set for March 3, 2023 is **VACATED**. The pending Motions to Dismiss are **DENIED** as MOOT.

**IT IS SO ORDERED.**

Dated: February 27, 2023

Hon. Gonzalo P. Curiel
United States District Judge