MICHAEL J. CAMPBELL, ESQ. (Bar No. 279345)
mjc@campbelllawsd.com
**CAMPBELL LAW, APC**
16870 West Bernardo Drive, Suite 260
San Diego, CA 92127
TEL: (619) 844 5150

Attorneys for Defendant and Counterclaim Plaintiff
JET GENIUS HOLDINGS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

Plaintiff Aaron Stanz, individually and on behalf of Jet Genius Holdings, Inc. and Jet Genius Florida Holdings, Inc. as a shareholder,

Plaintiff,

v.

Defendants Jordan Brown (individually and in his capacity as CEO, Director, and Chairman of Jet Genius Holdings, Inc. and Jet Genius Florida Holdings, Inc.), Jet Genius Holdings, Inc., Jet Genius Florida Holdings, Inc., C3jets, LLC, Bowman Aviation LLC, Jet Agency Global LLC, C3 Limo LLC, and Does 1-20,

Defendants.

JET GENIUS HOLDINGS, INC., a California corporation,

Counterclaim Plaintiff,

v.

AARON STANZ, an individual; and DOES 1 to 20, inclusive,

Counterclaim Defendant.

CASE NO. 3:22-CV-01164-GPC-JLB

**COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIM PLAINTIFF JET GENIUS HOLDINGS, INC.**

Dept: 2D
Judge: Hon. Gonzalo P. Curiel
Trial Date: Not applicable

Defendant and Counterclaim Plaintiff JET GENIUS HOLDINGS, INC. ("JGH") hereby brings this Counterclaim for: (i) Breach of Contract; (ii) Breach of Implied Covenant of Good Faith and Fair Dealing; (iii) violations of Federal Defend Trade Secrets Act; (iv) violations of the California Uniform Trade Secrets Act; (v) Intentional Misrepresentation; (vi) Negligent Misrepresentation; and (vii) Breach of Fiduciary Duty, against Plaintiff and Counterclaim Defendant AARON STANZ ("Stanz") and Does 1 to 20, and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. Venue is proper in this judicial district under 28 U.S.C. section 1391(b) and (c) because JGH is a California corporation, JGH is doing business in the State of California, Stanz committed tortious acts and engaged in wrongdoing that caused damage to JGH in San Diego County, Stanz executed a contract of employment in the State of California, and the parties executed an agreement that stipulated to the laws of the State of California as the choice of law.

2. This Court has subject matter jurisdiction over the claims asserted in this Counterclaim pursuant to 28 U.S.C. section 1331 because it involves a claim under the Federal Defend Trade Secrets Act (18 U.S.C. section 1836). For all claims for which this Court does not have original jurisdiction, it has supplemental and pendent jurisdiction over the claims as they arise from a common nucleus of operative facts and form part of the same case and controversy, pursuant to 28 U.S.C. section 1367.

3. JGH is informed and believes that this Court has personal jurisdiction over Stanz because the unlawful conduct he engaged in was purposefully directed towards and occurred in San Diego County and caused damage to JGH in San Diego County. In these and other ways, Stanz has extensive minimum contacts with the State of California such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Stanz has purposefully availed himself of the benefits of the California forum because he continues to use information misappropriated from JGH in this forum.

## II.

## THE PARTIES

4. JGH is a California corporation (Entity No. 3969439). JGH's principal business address is 1900 Glades Road, Suite 301, Boca Raton, FL 33431.

5. JGH operates as Charter Flight Group ("CFG"). Mr. Jordan Brown ("Brown") is the Chief Executive Officer of JGH and CFG.

6. Based on information and belief, Stanz is a resident of Wichita, Kansas. At all material times, JGH and CFG employed Stanz as its Chief Technology Officer under the terms of an Employment Agreement.

7 Counterclaim Defendant DOES 1 through 20, inclusive, are the agents, employees, partners, joint venturers, associates, co-conspirators and/or representatives of each of the other Counterclaim Defendants, and each other, and are persons and/or entities that participated in, caused, or committed the wrongful acts complained of throughout this Counterclaim. At this time, JGH is unaware of the true names and capacities of said DOE Counterclaim Defendants, and therefore sue said Counterclaim DOE Defendants by such fictitious names. JGH will seek leave to amend this Counterclaim when the true names and capacities of said Counterclaim DOE Defendants are ascertained. JGH is further informed and believes, and thereon alleges, that each of the Counterclaim DOE Defendants are a "shell" created to attempt to insulate each of the remaining Counterclaim Defendants from liability, and operate/operated under the direction, control, management, and supervision of each of the other Counterclaim Defendants, with the other Counterclaim Defendants at all times ratifying, consenting to, and authorizing the actions and/or inactions of the Counterclaim DOE Defendants.

8. JGH is further informed and believes, and thereon alleges that, at all times herein mentioned, the managerial or supervisory employees described herein were the agents, servants, and employees of each of the defendant entities named herein, and, in doing the things herein alleged, were acting in a managerial or supervisory capacity within the scope of their authority, or, if said conduct was outside the scope of their authority, said

conduct was known to, authorized by, and/or ratified by the other defendants.

9. JGH is further informed and believes, and thereon alleges that, at all times herein mentioned, each of Counterclaim Defendants are/were the agents, servants, employees, joint venturers, employers, co-conspirators and/or representatives of each other, and ratified, consented to, and/or authorized the acts of each other. JGH is further informed and believes, and thereon alleges that, at all times mentioned herein, each of Counterclaim Defendants were acting within the course and scope of said agency, employment, joint venture, employment, conspiratorial and/or representative relationship, with the permission and consent of the other Counterclaim Defendants, and at the direction of the other Counterclaim Defendants.

10. JGH seeks compensatory damages, statutory damages, punitive damages, declaratory relief, expert witness fees, and costs of suit herein.

## III.

## FACTUAL ALLEGATIONS

### A. Stanz's Employment With JGH.

11. CFG is a technology-enabled air charter brokerage firm, whose technology allows it to book trips using both outside brokers and in-house sales staff. CFG is jointly owned by Brown, Stanz, and non-party Mr. Alexander Wolf. Most recently, CFG issued Stanz the amount of Nine Hundred Fifty-Nine Thousand Six Hundred Fifteen (959,615) shares of stock.

12. On May 24, 2018, a Final Judgment was entered by the United States District Court, District of Southern California, which labeled Stanz a "Bad Actor," prohibiting Stanz, or any company in which he owned more than 20% stock, from participating in Rule 506 offerings. Once the Federal Government labeled Stanz a Bad Actor, CFG was blocked from obtaining investor financing unless it took action to reorganize the ownership and management of CFG to comply with SEC rules and regulations. After exploring various options, CFG and Stanz entered into a "Stockholder Agreement," whereby Stanz agreed to reduce his stock ownership in the company and to withdraw as a director in order to both

comply with SEC "Bad Actor" rules, and to enable CFG to continue raising financing from outside investors.

13. On or about November 7, 2018, JGH and Stanz executed an employment agreement ("Agreement"). *See* attached Exhibit A: Agreement. The Agreement stated that Stanz would remain CFG's Chief Technology Officer. *See* attached Exhibit A: Agreement, ¶ 7. The Agreement specified, and Stanz agreed, that Stanz would not "engage in any other employment, consulting or other business activity (whether full-time or part-time) in the charter aircraft brokering industry that would create a conflict of interest with [JGH]". *See* attached Exhibit A: Agreement, ¶ 7. The Agreement also specified, and Stanz agreed, that Stanz's execution of a "Proprietary Information and Inventions Agreement" was a condition of his employment. *See* attached Exhibit A: Agreement, ¶ 11.

**B. Stanz Agreed To Maintain The Confidentiality Of JGH's Confidential and Proprietary Information.**

14. During his employment as JGH's Chief Technology Officer, Stanz had access to JGH's trade secrets, including, but not limited to, JGH's software, JGH's online platform, JGH's intellectual property, JGH's client lists, and JGH's pricing schedules.

15. Stanz executed a Proprietary Information and Inventions Agreement ("Confidentiality Agreement").

16. Stanz agreed that: "Company shall own all right, title and interest (including patent rights, copyrights, trade secret rights, mask work rights, *sui generis* database rights and all other intellectual property rights of any sort throughout the world) relating to any and all inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by me during the term of my employment with [JGH] that relate to the charter aircraft broker business to the fullest extent allowed by California Labor Code section 2870. . .(collectively "Inventions") and I will promptly disclose all Inventions to Company." *See* attached Exhibit B: Confidentiality Agreement, ¶ 2.

17. Stanz agreed that: "…all Inventions and all other business, technical and

financial information (including, without limitation, the identity of and information relating to customers or employees) I develop, learn or obtain during the term of my employment that relate to the charter aircraft brokering business constitute "Proprietary Information." I will hold in confidence and not disclose or, except within the scope of my employment, use any Proprietary Information." *See* attached Exhibit B: Confidentiality Agreement, ¶ 4.

18. Stanz agreed that: "…during the term of my employment with [JGH] (whether or not during business hours), I will not engage in any activity that is in any way competitive with the business or demonstrably anticipated business of [JGH], and I will not assist any other person or organization in competing or in preparing to compete with any business or demonstrably anticipated business of [JGH]." *See* attached Exhibit B: Confidentiality Agreement, ¶ 6.

19. Stanz agreed that: "…my obligations under paragraphs 2, 3, 4 and 5 of this Agreement shall continue in effect after termination of my employment, regardless of the reason or reasons for termination, and whether such termination is voluntary or involuntary on my part, and that Company is entitled to communicate my obligations under this Agreement to any future employer or potential employer of mine. My obligations under paragraphs 2, 3 and 4 also shall be binding upon my heirs, executors, assigns, and administrators and shall inure to the benefit of Company, its subsidiaries, successors and assigns." *See* attached Exhibit B: Confidentiality Agreement, ¶ 8.

20. Stanz agreed that: "Any dispute in the meaning, effect or validity of this Agreement shall be resolved in accordance with the laws of the State of California without regard to the conflict of laws provisions thereof." *See* attached Exhibit B: Confidentiality Agreement, ¶ 9.

21. On or about August 8, 2022, Stanz filed a Complaint in the United States District Court, District of Southern California, against JGH and a series of individuals and entities associated with CFG ("<u>Complaint</u>"). Therein, Stanz asserted the following causes of action: (i) violations of the Defend Trade Secrets Act; (ii) violations of the California Uniform Trade Secrets Act; (iii) breach of contract; (iv) breach of fiduciary duty; (v) fraud;

(vi) conspiracy; (vii) accounting; and (viii) unjust enrichment.

**C. Stanz's Termination.**

22. Stanz's employment with JGH was terminated on January 21, 2023. At that time, JGH informed Stanz that his conduct had been detrimental to the operation and interests of the company, including, but not limited to, his improper communications with competitors of JGH and his improper disclosure of JGH's confidential and proprietary information, including details regarding its intellectual property and financial condition. Stanz was notified that his termination was based upon violations of the Agreement, violations of the Confidentiality Agreement, and violations of his actual and implied duties of confidentiality and loyalty to JGH.

**D. Stanz Breached His Fiduciary Duties To JGH And His Obligations Under The Agreement And The Confidentiality Agreement.**

23. During his employment with JGH, and his ownership of JGH common stock, Stanz learned and appropriated information relating to JGH's intellectual property, JGH's financial condition, JGH's confidential and proprietary information, JGH's use of that intellectual property and confidential and proprietary information to conduct business in the charter aircraft broker industry, and JGH's clients.

24. Per the terms of the Agreement and the Confidentiality Agreement, Stanz was required to maintain the confidentiality of JGH's intellectual property, JGH's financial condition, JGH's confidential and proprietary information, and JGH's use of that intellectual property and confidential and proprietary information to conduct business in the charter aircraft broker industry.

25. Pursuant to his fiduciary duties owed to JGH, Stanz was required to maintain the confidentiality of JGH's intellectual property, JGH's financial condition, JGH's confidential and proprietary information, and JGH's use of that intellectual property and confidential and proprietary information to conduct business in the charter aircraft broker industry.

26. JGH is informed and believes that Stanz has engaged in numerous conversations with Mr. Jason Johnson ("Johnson"), the Chief Executive Officer of Exclusive

Charter Services, Inc. ("ECS"). ECS is a private air charter brokerage firm that competes directly with JGH. ECS and Johnson are currently involved in litigation with CFG.

27. JGH is informed and believes that Stanz has engaged in communications with Johnson regarding JGH's intellectual property, including information misappropriated while employed by JGH and the details of a potential acquisition or licensure of JGH's confidential and proprietary information. Stanz did not seek, nor did he receive, any consent or authority from JGH to misappropriate confidential information to engage in discussions with ECS regarding its intellectual property.

28. JGH is informed and believes that Stanz has engaged in communications with other JGH competitors regarding JGH's intellectual property, including information misappropriated while employed by JGH and the details of a potential acquisition or licensure of JGH's confidential and proprietary information. Stanz did not seek, nor did he receive, any consent or authority from JGH to misappropriate confidential information to engage in discussions with ECS regarding its intellectual property.

29. JGH is informed and believes that Stanz has engaged in communications with Johnson regarding JGH's financial condition, including the impact of JGH's failure to pay Federal Excise Tax to the IRS. Stanz did not seek, nor did he receive, any consent or authority from JGH to engage in discussions with ECS regarding its financial condition.

30. JGH is informed and believes that Stanz has engaged in communications with other JGH competitors regarding JGH's financial condition, including the impact of JGH's failure to pay Federal Excise Tax to the IRS. Stanz did not seek, nor did he receive, any consent or authority from JGH to engage in discussions with ECS regarding its financial condition.

31. JGH is informed and believes that Stanz has engaged in communications with JGH's former, current, and prospective clients regarding JGH's financial condition, including the impact of JGH's failure to pay Federal Excise Tax to the IRS. Stanz did not seek, nor did he receive, any consent or authority from JGH to engage in discussions with JGH's former, current, and prospective clients regarding its financial condition.

32. Stanz has breached the terms of the Agreement, the Confidentiality Agreement, and the implied terms of conditions of his employment with JGH. Further, Stanz has breached his fiduciary duties of loyalty and confidentiality to JGH. Moreover, Stanz has made misrepresentations to JGH insofar as he has breached the terms of the Agreement, the Confidentiality Agreement, and the implied terms of conditions of his employment with JGH, and he has breached his fiduciary duties of care, loyalty, confidentiality, and good faith to JGH.

33. Stanz's conduct has caused irreparable harm to JGH, the alleged irreparable harm is ongoing, and JGH reasonably believes that, absent an order from this Court, Stanz will continue to engage in conduct that is detrimental to JGH.

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Written Contract

(On Behalf of JGH as to Stanz and Counterclaim DOES 1 through 20)

34. JGH refers to, and incorporates herein by this reference, paragraphs 1 through 33, above.

35. JGH and Stanz executed the Agreement on or about November 7, 2018. JGH and Stanz executed the Confidentiality Agreement on or about the same date.

36. The Confidentiality Agreement contains covenants and provisions that are reasonably necessary to protect legitimate protectable interests in trade secrets, confidential information, customer relationships, intellectual property, and company goodwill.

37. JGH has performed all of the conditions, covenants, and agreements on its part to be performed in accordance with the terms of the Agreement and the Confidentiality Agreement.

38. Stanz has failed to perform on the Agreement or the Confidentiality Agreement and failed to exercise reasonable effort and due diligence to achieve the purposes of the Agreement and the Confidentiality Agreement. Further, Stanz conspired to, and did,

breach the terms of the Agreement and the Confidentiality Agreement. As a result, JGH has suffered harm. Stanz's breach of contract was a substantial factor in causing JGH's harm.

39. Stanz has breached, or threatened to breach, the terms of the Agreement and/or the Confidentiality Agreement, insofar as he has disclosed and/or threatened to disclose confidential and proprietary information of Plaintiffs.

40. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

WHEREFORE, JGH prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

(On Behalf of JGH as to Stanz and DOES 1 through 20)

41. JGH refers to, and incorporates herein by this reference, paragraphs 1 through 40, above.

42. JGH and Stanz executed the Agreement on or about November 7, 2018. JGH and Stanz executed the Confidentiality Agreement on or about the same date.

43. JGH has performed all of the conditions, covenants, and agreements on its part to be performed in accordance with the terms of the Agreement and the Confidentiality Agreement.

44. Stanz has failed to perform on the Agreement or the Confidentiality Agreement and failed to exercise reasonable effort and due diligence to achieve the purposes of the Agreement and the Confidentiality Agreement. Further, Stanz conspired to, and did, breach the terms of the Agreement and the Confidentiality Agreement. As a result, JGH has suffered harm. Stanz's breach of contract was a substantial factor in causing JGH's harm.

45. Stanz has breached, or threatened to breach, the terms of the Agreement and/or the Confidentiality Agreement, insofar as he has disclosed and/or threatened to disclose confidential and proprietary information of Plaintiffs.

46. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

WHEREFORE, JGH prays for relief as set forth below.

**THIRD CAUSE OF ACTION**

**Misappropriation of Trade Secrets (18 U.S.C. § 1836)**

(On Behalf of JGH as to Stanz and DOES 1 through 20, inclusive)

47. JGH refers to, and incorporate herein by this reference, paragraphs 1 through 46, above.

48. Stanz misappropriated JGH's trade secrets by improperly acquiring, using, and/or disclosing trade secrets, which will be identified more particularly in a confidential trade secret statement, and which are encompassed by the following descriptions:

> "…all right, title and interest (including patent rights, copyrights, trade secret rights, mask work rights, *sui generis* database rights and all other intellectual property rights of any sort throughout the world) relating to any and all inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by me during the term of my employment with [JGH] that relate to the charter aircraft broker business to the fullest extent allowed by California Labor Code section 2870. . .(collectively "Inventions")..."; and

> "…all Inventions and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) I develop, learn or obtain during the term of my employment that relate to the charter aircraft brokering business constitute "Proprietary Information.".

49. The above-listed trade secrets were confidential at the time of their

misappropriation and remain confidential. They are some of JGH's closely held trade secrets that allow it to maintain its competitive advantage in the industry. JGH diligently maintained and protected its trade secrets and continues to do so.

50. JGH has taken reasonable efforts to keep secret its information that the information has independent economic value because it was not generally known to, and not readily ascertainable by proper means by, other people or entities who can obtain economic value from its disclosure or use.

51. JGH's trade secrets relate to business in the charter aircraft broker industry, used in, or intended for use in, interstate and foreign commerce.

52. Stanz has been unjustly enriched by his improper access, disclosure, and/or use of JGH's trade secrets.

53. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. Pursuant to 18 U.S.C. section 1836(b)(3)(A)(i), JGH is entitled to preliminary and permanent injunctive relief, damages, and an award of the value of any unjust enrichment of Stanz obtained as a result of his misappropriation of JGH's trade secrets, or any other form of relief under the Federal Defend Trade Secrets Act, including reasonable royalties.

54. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, pursuant to 18 U.S.C. section 1836(b)(3)(C), entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

55. As a result of Stanz's conduct, JGH has been required to secure the services of a law firm and has incurred, and will continue to incur, substantial attorney's fees and costs in connection with this matter. Pursuant to 18 U.S.C. section 1836(b)(3)(D), JGH is entitled to an award of reasonable attorney's fees, expert fees, and costs in this action.

56. Stanz's wrongful conduct in misappropriating JGH's trade secrets as described above will, unless and until enjoined and restrained by order of this Court, cause great, immediate, and irreparable injury to JGH's business in that it will enable Stanz to

compete unfairly with JGH, to interfere with business relationships of JGH, and to interfere with the prospective business opportunities and goodwill of JGH. JGH has no adequate remedy at law for these injuries because the damage to JGH's business relations and the loss of potential business advantage cannot adequately be compensated through monetary damages. Unless enjoined by this Court, Stanz will continue to use or disclose JGH's trade secrets. As a result, JGH is entitled to an injunction prohibiting said conduct pursuant to 18 U.S.C. section 1836(b)(3)(A).

WHEREFORE, JGH prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**

**Misappropriation of Trade Secrets (Cal. Civil Code § 3426, *et. seq*.)**

(On Behalf of JGH as to Stanz and DOES 1 through 20, inclusive)

57. JGH refers to, and incorporate herein by this reference, paragraphs 1 through 56, above.

58. Stanz misappropriated JGH's trade secrets by improperly acquiring, using, and/or disclosing trade secrets, which will be identified more particularly in a confidential trade secret statement, and which are encompassed by the following descriptions:

> "…all right, title and interest (including patent rights, copyrights, trade secret rights, mask work rights, *sui generis* database rights and all other intellectual property rights of any sort throughout the world) relating to any and all inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by me during the term of my employment with [JGH] that relate to the charter aircraft broker business to the fullest extent allowed by California Labor Code section 2870. . .(collectively "Inventions")..."; and

> "…all Inventions and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) I develop, learn or obtain during the term of my

employment that relate to the charter aircraft brokering business constitute "Proprietary Information.".

59. The above-listed trade secrets were confidential at the time of their misappropriation and remain confidential. They are some of JGH's closely held trade secrets that allow it to maintain its competitive advantage in the industry. JGH diligently maintained and protected its trade secrets and continues to do so.

60. JGH has taken reasonable efforts to keep secret its information that the information has independent economic value because it was not generally known to, and not readily ascertainable by proper means by, other people or entities who can obtain economic value from its disclosure or use.

61. Stanz has been unjustly enriched by his improper access, disclosure, and/or use of JGH's trade secrets.

62. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. Pursuant to California Civil Code section 3426.3, JGH is entitled to an award of the value of any unjust enrichment of Stanz obtained as a result of his misappropriation of JGH's trade secrets, or any other form of relief under the California Uniform Trade Secrets Act, including reasonable royalties.

63. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, pursuant to California Civil Code section 3426.3(c), entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

64. As a result of Stanz's conduct, JGH has been required to secure the services of a law firm and has incurred, and will continue to incur, substantial attorney's fees and costs in connection with this matter. Pursuant to California Civil Code section 3426.4, JGH is entitled to an award of reasonable attorney's fees, expert fees, and costs in this action.

65. Stanz's wrongful conduct in misappropriating JGH's trade secrets as described above will, unless and until enjoined and restrained by order of this Court, cause great, immediate, and irreparable injury to JGH's business in that it will enable Stanz to

compete unfairly with JGH, to interfere with business relationships of JGH, and to interfere with the prospective business opportunities and goodwill of JGH. JGH has no adequate remedy at law for these injuries because the damage to JGH's business relations and the loss of potential business advantage cannot adequately be compensated through monetary damages. Unless enjoined by this Court, Stanz will continue to use or disclose JGH's trade secrets. As a result, JGH is entitled to an injunction prohibiting said conduct pursuant to California Civil Code section 3426.2.

WHEREFORE, JGH prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**

**Intentional Misrepresentation**

(On Behalf of JGH as to Stanz and DOES 1 through 20, inclusive)

66. JGH refers to, and incorporate herein by this reference, paragraphs 1 through 65, above.

67. Stanz, knowing them to be false, made representations to JGH, through his words and actions, that Stanz would, amongst other things: (i) perform on the Agreement in good faith; (ii) perform on the Confidentiality Agreement in good faith; (iii) maintain the confidentiality of JGH's trade secrets and proprietary information; (iv) comply with the implied terms and conditions of his employment with JGH; (v) comply with his fiduciary duties of care, loyalty, confidentiality, and good faith owed to JGH; and (vi) accurately represent his intent to comply with the terms of the Agreement, the Confidentiality Agreement, and the implied terms and conditions of his employment with JGH.

68. The representations of Stanz were false. Stanz failed and refused to: (i) perform on the Agreement in good faith; (ii) perform on the Confidentiality Agreement in good faith; (iii) maintain the confidentiality of JGH's trade secrets and proprietary information; (iv) comply with the implied terms and conditions of his employment with JGH; (v) comply with his fiduciary duties of care, loyalty, confidentiality, and good faith owed to JGH; and (vi) accurately represent his intent to comply with the terms of the Agreement, the Confidentiality Agreement, and the implied terms and conditions of his

employment with JGH.

69. Stanz knew that the representations were false when he made them. To the extent that Stanz denies that he knew that the representations were false when he made them, Stanz made the representations recklessly and without regard for their truth. Stanz intended that JGH rely on the representations. JGH reasonably relied on Stanz's representations.

70. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

WHEREFORE, JGH prays for relief as set forth below.

**SIXTH CAUSE OF ACTION**

**Negligent Misrepresentation**

(On Behalf of JGH as to Stanz and DOES 1 through 20, inclusive)

71. JGH refers to, and incorporates herein by this reference, paragraphs 1 through 70, above.

72. Stanz, knowing them to be false, made representations to JGH, through his words and actions, that Stanz would, amongst other things: (i) perform on the Agreement in good faith; (ii) perform on the Confidentiality Agreement in good faith; (iii) maintain the confidentiality of JGH's trade secrets and proprietary information; (iv) comply with the implied terms and conditions of his employment with JGH; (v) comply with his fiduciary duties of care, loyalty, confidentiality, and good faith owed to JGH; and (vi) accurately represent his intent to comply with the terms of the Agreement, the Confidentiality Agreement, and the implied terms and conditions of his employment with JGH.

73. The representations of Stanz were false. Stanz failed and refused to: (i) perform on the Agreement in good faith; (ii) perform on the Confidentiality Agreement in good faith; (iii) maintain the confidentiality of JGH's trade secrets and proprietary information; (iv) comply with the implied terms and conditions of his employment with JGH; (v) comply with his fiduciary duties of care, loyalty, confidentiality, and good faith

owed to JGH; and (vi) accurately represent his intent to comply with the terms of the Agreement, the Confidentiality Agreement, and the implied terms and conditions of his employment with JGH.

74. Although Stanz may have believed that the representations were true, Stanz had no reasonable grounds for believing the representations were true when he made them. JGH reasonably relied on Stanz's representations.

75. As a result, JGH has suffered harm and Stanz's conduct was a substantial factor in causing JGH's harm. JGH seeks such relief as the Court may deem proper.

WHEREFORE, JGH prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION

### Breach of Fiduciary Duty

(On Behalf of JGH as to Stanz and DOES 1 through 20, inclusive)

76. JGH refers to, and incorporates herein by this reference, paragraphs 1 through 75, above.

77. As a director and/or officer of JGH, Stanz owed fiduciary duties of care, loyalty, confidentiality, and good faith to the shareholders of JGH, including Brown. Stanz's fiduciary duties include: obligations to exercise good business judgment; to act prudently in the operation of JGH; to discharge his actions in good faith; to act in the best interests of JGH and its shareholders; and to put the interests of JGH before his own.

78. Stanz breached his fiduciary duties of care, loyalty, confidentiality, and good faith, by, amongst other things, failing and refusing (intentionally and/or recklessly) to: (i) perform on the Agreement in good faith; (ii) perform on the Confidentiality Agreement in good faith; (iii) maintain the confidentiality of JGH's trade secrets and proprietary information; (iv) comply with the implied terms and conditions of his employment with JGH; and (v) accurately represent his intent to comply with the terms of the Agreement, the Confidentiality Agreement, and the implied terms and conditions of his employment with JGH.

79. As a result, JGH has suffered harm and Stanz's conduct was a substantial

factor in causing JGH's harm. The foregoing acts of Stanz were oppressive, malicious, and despicable, and JGH is, therefore, entitled to an award of punitive damages against Stanz in an amount to be proven at trial. JGH seeks such relief as the Court may deem proper.

WHEREFORE, JGH prays for relief as set forth below.

## PRAYER

WHEREFORE, JGH prays for judgment as follows for all causes of action:

(i) For general and compensatory damages according to proof;

(ii) For statutory damages pursuant to California Civil Code sections 3426.3(c) and 3426.4, according to proof;

(iii) For statutory damages pursuant to 18 U.S.C. section 1836(b)(3), according to proof;

(iv) For disgorgement in the amount Stanz has been unjustly enriched, or an award of reasonable royalties should damages or unjust enrichment be difficult to quantify;

(v) For temporary, preliminary, and permanent injunctive relief, including orders that:

a. Stanz turnover, or obtain certification from a mutually-agreed-upon independent data forensic specialist of the destruction of, any data belonging to JGH that is still in Stanz's possession, custody, or control; and that

b. Stanz maintain the confidentiality of JGH's information, including refraining from using or disclosing JGH's information; and that

c. Stanz refrain from communicating with Johnson, ECS, JGH's competitors, and/or JGH's former, current, and/or prospective clients, regarding JGH's confidential and proprietary information.

(vi) For punitive damages to be determined at time of trial;

(vii) For attorney's fees according to proof, pursuant to any and all applicable statutes or contracts;

(viii) For pre-judgment interest to be determined in an amount at time of trial;

(ix) For costs of suit herein; and

(x) For such other and further relief as the Court may deem just and proper.

DATED: April 6, 2023

CAMPBELL LAW, APC

By: ______________________
MICHAEL J. CAMPBELL, ESQ.
Attorney for Defendant and
Counterclaim Plaintiff
JET GENIUS HOLDINGS, INC.

**DEMAND FOR JURY TRIAL**

JGH hereby respectfully requests trial of this matter by jury.

DATED: April 6, 2023

CAMPBELL LAW, APC

By: ______________________
MICHAEL J. CAMPBELL, ESQ.
Attorney for Defendant and
Counterclaim Plaintiff
JET GENIUS HOLDINGS, INC.