WADE MILLER LAW
Wade A. Miller CBN 208980
5072 Mount Casas Drive
San Diego, CA 92117
(619) 481-4959
wmiller@wademillerlaw.com

Attorneys for Plaintiff
Aaron Stanz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Plaintiff Aaron Stanz, individually and on behalf of Jet Genius Holdings, Inc. and Jet Genius Florida Holdings, Inc. as a shareholder,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Jordan Brown, individually and in his capacity as CEO, Director, and Chairman of co-defendant Jet Genius Holdings, Inc.; Jet Genius Holdings, Inc.; Jet Genius Florida Holdings, Inc.; C3jets LLC; Bowman Aviation LLC; Does 1-20, Defendants.** | **Case No. 3:22-cv-01164-GPC-JLB**<br><br>**ANSWER TO COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIM PLAINTIFF JET GENIUS HOLDINGS, INC.**<br><br>**Dept: 2D**<br>**Judge: Honorable Gonzalo Curiel** |

## ANSWER

Plaintiff and Counterclaim Defendant Aaron Stanz ("Stanz') hereby Answers the Counterclaim of Defendant and Counterclaim Plaintiff Jet Genius Holdings, Inc. ("JGH") as follows:

1. Admit.
2. Admit.
3. Admit as to jurisdiction. Deny that Stanz engaged in any unlawful conduct.
4. Admit.
5. Admit.
6. Admit.
7. Cannot admit or deny.
8. Cannot admit or deny.
9. Cannot admit or deny.
10. Cannot admit or deny.
11. Admit that CFG is an air charter firm. Deny that CFG shares were issued and received by Stanz.
12. Admit as to a Final Judgment being entered. Deny that Stanz was obligated to change his stock position or withdraw as a director in order to comply with SEC rules.
13. Deny, the Proprietary Information and Inventions Agreement was not a condition of employment, but rather a condition of the Shareholder Agreement.
14. Admit.
15. Admit.
16. Admit.
17. Admit.
18. Admit.
19. Admit.
20. Admit.
21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit. Cannot admit or deny as to whether ECS and Johnson are currently involved in litigation.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Not applicable.

35. Admit.

36. Admit.

37. Deny. JGH has breached the terms of the Agreement.

38. Deny.

39. Deny.

40. Deny.

41. Not applicable.

42. Admit.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Not applicable.

48. Deny.

49. Admit as to the importance of the trade secrets. Deny as to allegations of misappropriation.

50. Deny. JGH's financial troubles are known to the public due to repeat failures to pay vendors.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Not applicable.

58. Deny.

59. Deny as to any misappropriation. Admit that the trade secrets give JGH a competitive advantage.

60. Deny as to any wrongdoing by Stanz. JGH's finances being in bad shape is because it has repeatedly paid its vendors late, not common in this industry.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Not applicable.

67. Deny that Stanz made any false representations.

68. Deny.

69. Deny.

70. Deny.

71. Not applicable.

72. Deny.

73. Deny.

74. Deny.

75. Deny

76. Not applicable.

77. Admit.

78. Deny.

79. Deny.

PLAINTIFF AND COUNTERCLAIM DEFENDANT'S PRAYER FOR RELIEF

Counterclaim Defendant prays that the Counterclaim be dismissed with prejudice. Counterclaim Defendant prays for a judgment in favor of Counterclaim Defendant against Counterclaim Plaintiff, for all attorneys' fees and costs incurred by Counterclaim Defendant, and for such further relief as the Court deems just and equitable.

RELIEF DEMANDED BY COUNTERCLAIM DEFENDANT

Counterclaim Defendant denies that Counterclaim plaintiff is entitled to any relief requested in the Counterclaim.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that the Counterclaim fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that the injuries, losses, or damages alleged in the Counterclaim were caused by the negligence, assumption of

the risk, and/or culpable conduct of Counterclaim Plaintiff, and that damages, if any, must be diminished in the proportion that Counterclaim Plaintiff's own conduct contributed to the cause of the alleged injuries or damages.

THIRD AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that the Counterclaim is barred by the doctrine of mootness.

FOURTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that Counterclaim Plaintiff's claims are barred by the doctrine of uncleans hands.

FIFTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that Counterclaim Plaintiff's claims are barred to the extent Counterclaim Plaintiff lack standing.

SIXTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges, to the extent that Counterclaim Plaintiff claim to have suffered damages, which is disputed by Counterclaim Defendant, Counterclaim Plaintiff failed to mitigate the damages.

SEVENTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that Counterclaim Plaintiff's claims are barred by the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that Counterclaim Plaintiff's claims are barred by the doctrine of res judicata.

NINTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, Counterclaim Defendant alleges that Counterclaim Plaintiff's claims are barred by the doctrines of estoppel, judicial estopple, and other equitable doctrines.

Dated: April 28, 2023

By: / s / Wade A. Miller
Wade A. Miller
Attorneys for Plaintiff
AARON STANZ