UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JORDAN BROWN et al., <br><br> and <br><br> JET GENIUS HOLDINGS, INC., <br><br> Defendants. | Case No. 3:22-CV-01164-GPC-JLB <br><br> **ORDER GRANTING WITHDRAWAL OF COUNSEL** <br><br> **[ECF No. 131]** |

On August 9, 2024, Procopio, Cory, Hargreaves & Savitch, LLP and associates Sean M. Sullivan and Justin M. Martin ("Counsel") filed an *ex parte* motion to withdraw as counsel for Plaintiff Aaron Stanz ("Plaintiff").  ECF No. 131.  By the Court's order, Plaintiff filed a response.  ECF No. 141.

Counsel moved to withdraw as counsel on the grounds that Plaintiff has not met the material terms of the engagement agreement and that there are now irreconcilable

1

differences. ECF No. 131. The ABA's Model Rules of Professional Conduct[1] permit a lawyer to withdrawal as counsel if the client renders it unreasonably difficult for the lawyer to carry out the representation effectively, Model Rules of Prof. Conduct R. 1.16(b)(6), or when the client breaches a material term of an agreement with the lawyer, and the lawyer has given reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the obligation, Model Rules of Prof. Conduct. R. 1.16(b)(5).

On September 17, Counsel and Plaintiff conferred by telephone and discussed these two grounds for withdrawal. ECF No. 143. The parties could not reach an agreement that these issues could be resolved. *Id*.

After consideration of the papers submitted, the results of the September 17 meeting between Counsel and Plaintiff, and the September 20 hearing with Counsel, Plaintiff, and defense counsel present, the Court finds that voluntary withdrawal is warranted and **GRANTS** the Counsel's motion to withdraw.

Moreover, it does not appear that Counsel's withdrawal would unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case. *See In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). A Final Pretrial Conference is set for March 7, 2025. Given this date, there is sufficient time for new counsel to be hired and then familiarized with the case without unduly delaying proceedings or prejudicing Plaintiff. *Cf. In re Saber*, 2022 WL 11592836, at *1

---

[1] The Court looks to the ABA's Model Rules of Professional Conduct because in a federal proceeding, a lawyer's conduct is governed by the ethical rules of the relevant court, *see In re Snyder*, 572 U.S. 634, 645 n.6 (1985), and the Civil Local Rules no longer require attorneys practicing before the Southern District of California to comply with the standards of professional conduct required by the State Bar of California. *See generally Suarez v. Del Toro*, No. 22-cv-0021-GPC-BLM, 2023 WL 149105 (S.D. Cal. Jan. 10, 2023).

(9th Cir. Oct. 20, 2022) (affirming lower court's denial of withdrawal less than a week before an evidentiary hearing).

     As to the derivative claims, there would be no special prejudice suffered by the Plaintiff, as the Court is giving Plaintiff 45 days to retain new counsel and will not entertain any motions to dismiss the derivative claims before the expiration of the 45-day period.

**IT IS SO ORDERED.**

Dated:  September 23, 2024

Hon. Gonzalo P. Curiel
United States District Judge