UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JORDAN BROWN et al., <br><br> and <br><br> JET GENIUS HOLDINGS, INC., <br><br> Defendants. | Case No. 3:22-CV-01164-GPC-JLB <br><br> **ORDER GRANTING WITHDRAWAL OF COUNSEL AND DENYING MOTION TO DISQUALIFY COUNSEL AS MOOT** <br><br> **[ECF Nos. 179, 171]** |

On December 12, 2024, Higgs Fletcher & Mack, LLP and all attorneys associated with it including Nicholas D. Brauns and Edwin M. Boniske ("Movant") filed an ex parte motion to withdraw from representation of Defendants Jordan Brown, Jet Genius Holdings, Inc., Jet Genius Florida Holdings, Inc., C3 Jets LLC, C3 Limo LLC, Jet Agency Global, LLC, and Bowman Aviation, Inc. ("Defendants") and to substitute Defendant Jordan Brown pro se. ECF No. 179 ("Mot."). For the reasons set forth below,

1

the Court GRANTS the motion to withdraw and ORDERS that corporate Defendants obtain new counsel within 45 days of the filling of this Order.

## BACKGROUND

On December 12, 2024, Counsel moved to withdraw as counsel on the grounds that Defendants have not met the material terms of the engagement agreement by which they engaged Movant for legal services. ECF No. 179. According to Movant, good cause for withdrawal exists because Defendants have failed to pay their legal fees. *Id*. Furthermore, Movant states that the withdrawal would not prejudice the other litigants, the administration of justice, or the resolution of the case because the case is still in discovery. *See* Mot. at 6, Brauns Decl. ¶ 4 (attesting that, at that point in time, no depositions have taken place or are even scheduled).

Movant advised Defendants and Plaintiff's Counsel that it would be making an ex parte request to withdraw as counsel for Defendants, thereby complying with Civ.L.R. 83.3(g)(2), *see* Mot. at 5, Brauns Decl. ¶ 7. Movant also notified the business-entity defendants that they cannot proceed without counsel in this action. Mot., Brauns Decl. ¶ 5. Neither Plaintiff nor Defendants have opposed this request.

On January 7, 2025, the Court directed Defendants to file, within a week, a response to the motion to withdraw. ECF No. 186. Defendants never responded. On January 17, 2025, Mr. Brauns filed a declaration attesting that he forwarded the Court's Order to Defendants and that he reminded Defendants twice of the Order via email. ECF No. 194.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.,* No. 07–CV–594–WQH (NLS), 2008 WL 410694, at *2 (S.D.Cal. Feb.13, 2008) (internal quotation marks and citations

omitted); *see also* Civ. L.R. 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Beard,* 2008 WL 410694, at *2 (citations omitted).

The ABA's Model Rules of Professional Conduct[1] permit a lawyer to withdrawal as counsel if the client breaches a material term of an agreement with the lawyer, and the lawyer has given reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the obligation, Model Rules of Prof. Conduct. R. 1.16(b)(5).

## DISCUSSION

The Court finds that good cause exists to grant the motion to withdraw as counsel. "Failure to pay attorney's fees can be a valid ground for withdrawal." *Leatt Corp. v. Inn've Safety Tech., LLC*, No. 09-CV-1301, 2010 WL 444708, at *2 (S.D. Cal, Feb. 2, 2010); *see* Model Rules of Prof. Conduct R. 1.16(b)(5). Movant has given Defendants sufficient notice that it would withdraw from representation unless Defendants fulfilled their obligations under the engagement agreement. *See* Mot. at 5, Brauns Decl. ¶ 3.

Furthermore, it does not appear that Counsel's withdrawal would unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case. *See In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). A Final Pretrial Conference is set for June 27, 2025. *See* ECF No. 138. Given this date,

---

[1] The Court looks to the ABA's Model Rules of Professional Conduct because in a federal proceeding, a lawyer's conduct is governed by the ethical rules of the relevant court, *see In re Snyder*, 472 U.S. 634, 645 n.6 (1985), and the Civil Local Rules no longer require attorneys practicing before the Southern District of California to comply with the standards of professional conduct required by the State Bar of California. *See generally Suarez v. Del Toro*, No. 22-cv-0021-GPC-BLM, 2023 WL 149105 (S.D. Cal. Jan. 10, 2023).

there is sufficient time for new counsel to be hired and then familiarized with the case without unduly delaying proceedings or prejudicing Defendants.  *Cf. In re Saber*, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022) (affirming lower court's denial of withdrawal less than a week before an evidentiary hearing).  Although discovery is well on its way,[2] Defendants' lack of response to the Motion suggests that there is no great danger of prejudice to their interests.  Although corporate defendants cannot proceed in propria persona, *see In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam), the Court will provide Defendants ample opportunity to retain new counsel.

For the foregoing reasons, the Court finds that voluntary withdrawal is warranted and **GRANTS** the Counsel's motion to withdraw and **ORDERS** that corporate Defendants obtain new counsel within 45 days of the filling of this Order.

As such, the Court **DENIES** Plaintiff's Motion to Disqualify Counsel, ECF No. 171, as moot and vacates the hearing for this matter on February 7, 2025.

**IT IS SO ORDERED.**

Dated:  February 5, 2025

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Mr. Brauns's declaration attested that, at the time he signed the statement, no depositions had been conducted or scheduled.  Mot. at 6, Brauns Decl. ¶ 4.  That was on December 12, 2024.  However, it is clear from the docket that there was a fact discovery cutoff on January 31, 2025.  ECF No. 185.