1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AARON STANZ, individually and
derivatively on behalf of Jet Genius
Holdings, Inc.,

                                        Plaintiff,

v.

JORDAN BROWN, et al.,

                                        Defendants.

_____

AND RELATED COUNTERCLAIM.

Case No.:  22-cv-01164-GPC-JLB

**ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL**

**[ECF No. 188]**

20      Before the Court is a motion to compel production of documents and for an award
21  of attorney's fees filed by Plaintiff Aaron Stanz ("Plaintiff").  (ECF No. 188.)  Plaintiff
22  seeks to compel responses to Plaintiff's Requests for Production ("RFP") (Set One) served
23  on Defendants Jordan Brown ("Brown"), Jet Genius Holdings, Inc. ("JGH"), Jet Genius
24  Florida Holdings, Inc., Bowman Aviation, Inc., Jet Agency Global, LLC, C3 Jets, LLC,
25  and C3 Limo, LLC (collectively, "Defendants").  (*Id.* at 2.)  Plaintiff also seeks an award
26  of attorney's fees incurred in bringing this motion.  (*Id.*)  Defendants filed an opposition
27  (ECF No. 190), and Plaintiff filed a reply (ECF No. 191).
28  ///

1

On May 15, 2025, and May 28, 2025, the Court held hearings on the pending motion. (ECF Nos. 207, 210.)  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to compel.

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff, individually and as a shareholder on behalf of JGH, commenced this lawsuit against Defendants on August 8, 2022.  (ECF No. 1.)  The Complaint asserts the following causes of action: (1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1); (2) violation of the California Uniform Trade Secrets Act, Cal. Civil Code § 3426, *et seq.*; (3) breach of contract; (4) breach of fiduciary duty; (5) fraud; (6) conspiracy; (7) accounting; and (8) unjust enrichment.  (ECF No. 1.)  Plaintiff filed a First Amended Complaint on March 2, 2023.  (ECF No. 25.)

On April 7, 2023, JGH filed a counterclaim against Plaintiff for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) violation of the Defend Trade Secrets Act; (4) violation of the California Uniform Trade Secrets Act; (5) intentional misrepresentation; (6) negligent misrepresentation; and (7) breach of fiduciary duty. (ECF No. 37.) Plaintiff filed an answer to the counterclaim on April 28, 2023. (ECF No. 57.)

Plaintiff filed the verified Second Amended Complaint, the operative complaint, on August 21, 2023.  (SAC, ECF No. 78.)  The Second Amended Complaint brings the following causes of action against Defendants: (1) express indemnity; (2) equitable indemnity; (3) breach of duty to defend; (4) breach of fiduciary duty; (5) breach of contract; (6) fraud; (7) violation of California Corporations Code § 316(a); (8) aiding and abetting breach of fiduciary duty; (9) conspiracy to breach fiduciary duty; (10) unjust enrichment; (11) quasi-contract/promissory estoppel; (12) conversion; (13) conspiracy to commit conversion; (14) money had and received; (15) violation of California Penal Code § 502; (16) intentional infliction of emotional distress; (17) intrusion into private affairs; (18) accounting; and (19) declaratory relief.  (*Id.*)  Plaintiff seeks actual, special, and punitive

damages, restitution and/or disgorgement, an accounting, interest, a judicial declaration, all appropriate injunctive relief, and attorney's fees and costs.  (*Id.*)  Defendants filed answers on October 5, 2023.  (ECF Nos. 85, 87.)

On November 13, 2023, the Court held the Early Neutral Evaluation and Case Management Conferences.  (ECF No. 95.)  A Scheduling Order was issued on November 15, 2023.  (ECF No. 96.)  The Scheduling Order was subsequently amended multiple times.  (*See* ECF Nos. 114, 119, 122, 138, 146, 157, 170, 185.)  The Court entered a stipulated protective order on December 5, 2023.  (ECF No. 98.)

On February 29, 2024, Plaintiff and Defendants Brown, C3Jets LLC, C3 Limo LLC, Jet Agency Global, LLC, and Bowman Aviation, Inc. (collectively, the "Brown Defendants") lodged a Joint Discovery Statement concerning the Brown Defendants failure to respond to Plaintiff's RFPs (Set One).  (ECF No. 102.)  The Court held a Discovery Conference on March 7, 2024, and ordered the Brown Defendants to provide supplemental responses and production no later than March 22, 2024.  (ECF No. 103.)

On April 4, 2024, Plaintiff and JGH lodged a Joint Discovery Statement, as did Plaintiff and the Brown Defendants.  (ECF No. 107.)  After a Discovery Conference, Defendants agreed, *inter alia*, to provide updated responses and supplemental production to Plaintiff's RFPs (Set One) by May 10, 2024.  (ECF No. 110.)  Plaintiff and Defendants lodged an updated Joint Discovery Statement on June 21, 2024.  (ECF No. 117.)  Plaintiff claimed that  Defendants failed to timely serve supplemental responses to Plaintiff's RFPs and that he had received a document production in an unreadable format.  After another Discovery Conference, Defendants were ordered to serve second supplemental responses to Plaintiff's RFPs (Set One) and produce a complete privilege log by July 15, 2024.  (ECF No. 120.)

The Mandatory Settlement Conference was held on July 22, 2024.  (ECF No. 125.)  The case did not settle.  (*Id.*)  On July 30, 2024, the Court held another Discovery Conference.  (ECF No. 126.)  On August 19, 2024, following another Status Conference, the Court ordered Defendants to complete their document production by

September 13, 2024. (ECF No. 135.) On August 21, 2024, the parties left a joint voicemail with Chambers informing the Court that they had resolved their discovery dispute. (ECF No. 136.)

Plaintiff's counsel withdrew from the case on September 23, 2024. (ECF No. 145.) On September 30, 2024, the Court ordered that all remaining depositions, including that of Plaintiff, be conducted by November 15, 2024, or fourteen days after Plaintiff retains counsel, whichever occurs first. (ECF No. 146.)

On October 16, 2024, the Court held a Status Conference because Defendants failed to meet the September 13, 2024 document production deadline. (ECF No. 150.) The Court ordered Defendants to provide Plaintiff with supplemental responses to the discovery requests at issue by October 21, 2024. (ECF No. 150.) Defendants did provide Plaintiff with supplemental responses on October 21. Ten days later, the parties lodged another Joint Discovery Statement concerning those responses, as Plaintiff felt they were deficient. A Status Conference was held on November 12, 2024. (ECF No. 152.) The Court held a discovery hearing on November 19, 2024. (ECF Nos. 151, 153, 158, 162, 164.) Following the hearing, the court authorized a motion to compel to resolve the dispute. (ECF No. 164.)

On November 12, 2024, the Court amended the Protective Order. (ECF No. 155.) That same day, the Court extended the deposition deadline to November 22, 2024. (ECF No. 157.) On November 20, 2024, the parties filed another Joint Discovery Statement concerning Defendants' interrogatory responses. (ECF No. 165.) On December 5, 2024, the Court held a Discovery Conference and resolved the dispute. (ECF No. 175.) On January 6, 2025, the Court extended the deposition deadline to January 31, 2025. (ECF No. 185.)

### B.    Factual Background

The following allegations are taken from the Second Amended Complaint:

Plaintiff is the creator and developer of software and systems that simplify and accelerate aircraft charter brokering, including JetXchange, The Grid, and the Charter Flight Group website, which are also supported by custom applications, reports, lead

generations tools, databases, business analytics, and certain client lists (collectively, the "JGH Platform"). (SAC ¶ 38.)  The JGH Platform allows a charter aviation brokerage company to operate more efficiently by facilitating more trips per staff member than any charter brokerage competitor. (*Id.*)

Plaintiff and Brown formed JGH, a private jet charter broker, with a non-party, Alexander Wolf, in 2016. (*Id.* ¶¶ 1, 39.)  Plaintiff contributed the JGH Platform to JGH and received a 49.5% ownership interest in the company. (*Id.* ¶ 39.)  Plaintiff and Brown are the two primary shareholders of JGH. (*Id.*)  Plaintiff served as the Chief Technology Officer and had principal responsibility for designing and implementing the JGH Platform. (*Id.* ¶¶ 1, 44.)  Since 2018, Brown has been JGH's Chief Executive Officer ("CEO") and sole director. (*Id.* ¶ 1.)

Plaintiff alleges that Brown used JGH as his "personal piggy bank" and "raided JGH's assets through phony transactions, indefensible self-approved compensation, and wrongful diversion of corporate assets" to the tune of approximately $1.9 million. (*Id.* ¶¶ 2, 71, 103.)  Plaintiff further alleges that Brown "employs a shell game of entities to avoid paying Plaintiff amounts due to him and to avoid other company obligations." (*Id.* ¶¶ 4, 76–136.)  For example, on September 16, 2019, Brown formed Jet Agency Global, LLC and transferred to Jet Agency ownership of, or licensed rights in and to, the JGH Platform without adequate consideration. (*Id.* ¶¶ 82, 89.)  Thereafter, on September 11, 2020, Brown formed C3 Limo, LLC with his wife Stacy Brown, who was listed as manager for six months before it was changed to Chasen Dobos, Brown's stepson. (*Id.* ¶ 94.)  Brown transferred to C3 Limo ownership of, or licensed rights in and to, parts of the JGH Platform without adequate consideration and transferred cash from JGH to C3 Limo. (*Id.* ¶¶ 95, 96.)  Less than a year later, on April 23, 2021, Brown formed C3 Jets and transferred $100,000 per month from JGH to the new company. (*Id.* ¶ 97.)  Brown had no plans to repay JGH for these fund transfers. (*Id.* ¶¶ 95–99.)

Plaintiff further alleges that Brown "seeks to avoid millions in assessed federal excise taxes ('FET') related to chartering aircrafts." (*Id.* ¶ 4.)  As a business that collected

payment for commercial domestic transportation of persons, JGH was subject to an assessment of FET. (*Id.* ¶ 46.) Brown failed to timely and fully pay the FET related to JGH's operations and instead "took actions to saddle Plaintiff personally with much of that burden—$1.3 million in unpaid FET—, despite assurances Brown would account for those taxes, while also shifting JGH's operations and assets to a new entity to avoid payments." (*Id.* ¶¶ 4, 50, 51–70, 108–22.) Plaintiff further alleges that Brown utilized Plaintiff's former cell phone number to impersonate him. (*Id.* ¶¶ 5, 6, 124–36.)

Plaintiff brings certain claims derivatively and in the right and for the benefit of JGH. (*Id.* ¶ 27.) At the time the Second Amended Complaint was filed, Plaintiff was the holder of 25% of the outstanding and issued shares of JGH. (*Id.* ¶ 28.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), a party is entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.*

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021) (quoting *Bryant v. Ochoa*, No. 07-CV-00200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). "Once the propounding party establishes that the request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018) (quoting

*Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).  However, a court must—either on motion or *sua sponte*—"limit the frequency or extent" of otherwise permissible discovery if the court finds, *inter alia*, the request "unreasonably cumulative or duplicative" or the discovery sought is obtainable from a "more convenient, less burdensome, or less expensive" source.  Fed. R. Civ. P. 26(b)(2)(C)(i).

## III.   DISCUSSION

### A.   Background and Arguments

Plaintiff served his first set of RFPs on Defendants on December 15, 2023.  (ECF No. 188 at 2.)  Following meet and confer efforts, Defendants agreed to collect documents from the following custodians and perform a search to determine if they have responsive documents: (1) Brown; (2) personal assistants, presumed to be, but not limited to, Ileana Garces, Marie Stone, Bianca Feller, Kimberlee Pouykham, and Emile Rosenow; Executives Chasen Dobos, Ryan Sargent, and Yves Brancheau; (3) accounting staff Roya Arabi, Deb Fouts, Cindy Grotsky, Maureen Bartzis, and Laurie Rector; (4) shareholder Alexander Wolf; and (5) Stacy Brown.  (ECF No. 188-1 at 5; *see also* ECF No. 188-3 at 82–84.)

Plaintiff now argues that "[d]espite numerous extensions and repeated violations of Court-imposed deadlines and orders, Defendants' production remains inadequate."  (ECF No. 188-1 at 4.)  Plaintiff argues that the requested documents are directly relevant to the claims and defenses in this case.  (*Id.* at 11.)  Plaintiff claims that the requested documents relate to "financial transactions, communications, and other records essential for Plaintiff to establish his claims and prepare for trial."  (*Id.*)  Plaintiff further argues that Defendants' objections are boilerplate and lack specificity.  (*Id.*)  In addition, Plaintiff contends that Defendants appear to have not conducted a reasonable search, including omitting key custodians from their searches.  (*Id.* at 11–12.)

In their opposition, Defendants argue that they have already gathered and produced over 40,000 documents in response to the RFPs at issue.  (ECF No. 190 at 2.)  Defendants further assert that they have repeatedly offered to let Plaintiff, or his agent, perform an

inspection of Defendants' servers to obtain the documents he seeks.  (*Id.*)  Defendants contend that their entire staff, except for one IT person, with the knowledge necessary to perform the pertinent document searches have either resigned or been laid off due to the financial condition of the companies.  (*Id.*)  Defendants claim that Brown and the lone remaining IT member lack the necessary expertise and manpower to conduct the requested searches.  (*Id.*)[1]

The Court held an initial hearing on this motion on May 15, 2025.  (ECF Nos. 207, 215.)  Defense counsel represented that he had just substituted into the case and could not update the Court on the status of Defendants' devices and the discovery.  (ECF No. 213 at 3–4.)  Therefore, the hearing was continued to May 28, 2025, and Defendants were directed get answers to the following questions: (1) were the devices used by the custodians their personal devices or devices provided by Defendants; (2) when did the devices become unavailable to Defendants; (3) what efforts, if any, were made to preserve evidence stored on those devices; and (4) what was the nature and timing of any litigation hold communicated to Defendants' custodians.  (*See* ECF Nos. 208; 213 at 6–7.)  At the May 28, 2025 hearing, Defendants were unprepared to answer those questions.[2]  (*See* ECF Nos. 210; 214 at 7–10.)  At that hearing, Defendants reiterated their willingness to provide Plaintiff access to Defendants' email accounts and documents so Plaintiff could conduct his own search and inspection.  (ECF No. 214 at 3–4.)  Prior to the hearing, Defendants

---

[1]    Defendants also argue that JGH and Jet Genius Florida Holdings, Inc. are not properly before the Court as Plaintiff never initiated a meet and confer on their most recent responses before filing the present motion.  (ECF No. 190 at 2–3.)  However, the Court finds this argument disingenuous.  Extensive meet and confer efforts have taken place with respect to all these RFPs.  Regardless, the RFPs specifically at issue, as discussed below, were served not on JGH and Jet Genius Florida Holdings, Inc., but rather on Brown and two other entity defendants.

[2]    During the hearing, defense counsel represented, *inter alia*, "With regard to the physical devices, my client has indicated to me that he does not – he is not aware of where they are, and there was not an effort to preserve them at the time because it was not obvious that litigation involving the actual devices would occur."  (ECF No. 214 at 8.)

provided Plaintiff with a list of all of the email accounts and passwords and offered to provide the address of the home office in Florida where the business records currently reside.  (*Id.* at 4–5, 9.)  Defendants were unable to state whether any responsive material could be found in any electronic media other than email.  (*Id.* at 10.)

## B.   Legal Standard

Rule 34 of the Federal Rules of Civil Procedure provides that:

A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a).

For each request, the responding party "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Alternatively, "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection."  *Id.*

Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody, or control thereof or the legal right to obtain the documents on demand.  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *see also*

*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand."); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("[P]roof of theoretical control is insufficient; a showing of actual control is required."). "Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of [its] responses to discovery, and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber* ("*Farber*"), 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal citations, quotation marks, and alterations omitted).

### C.    Analysis[3]

#### 1.    RFPs to Brown

Plaintiff contends that Brown's response to RFP Nos. 5, 7–9, 28, 31–33, 37–39, 43, 53, 54, 58, and 64–70 remains deficient. (ECF No. 188-1 at 5–10.) Brown supplemented his initial response to Plaintiff's RFPs three times. (*See* ECF No. 188-3 at 90–194.) For RFP Nos. 7–9, 28, 31–33, 37–38, 43, 67, and 70, the "Third Further Response," which the Court interprets to be Brown's complete and final response, states, in part:[4] "Compliance

---

[3]    Although Plaintiff states generally that he seeks to compel responses to every single RFP issued to all Defendants, he only specifically addresses certain RFPs propounded on Defendants Brown, Jet Agency Global, LLC, and C3 Jets, LLC, text messages for certain RFPs propounded on all Defendants, a privilege log, and verifications. Accordingly, the Court will limit its discussion to these specific requests.

[4]    Brown also makes additional objections in his "Third Further Response" to these RFPs, but the Court deems those objections waived, as Brown did not raise them in his opposition to the motion to compel. *See Medina v. Cnty. of San Diego*, No. 08CV1252-BAS-RBB, 2014 WL 4793026, at *16 (S.D. Cal. Sept. 25, 2014) ("If a party fails to continue to assert an objection in opposition to a motion to compel, courts deem the objection waived."); *Duran v. Cnty. of Riverside*, No. 5:23-CV-00106-AB (JDE), 2024 WL 3468758, at *2 (C.D. Cal. July 3, 2024) ("Objections asserted in discovery responses but not defended on a discovery motion may be deemed waived.").

with this request is unmanageable and unduly burdensome given the breadth of the request."[5]

For RFP Nos. 31 through 33 and 70, despite making this burden objection in his "Third Further Response," Brown represents that he "has conducted a search using the keyword words provided in the request, as well as any relevant synonyms not explicitly stated in the request" and "[t]o the extent they exist, [he] will produce all documents responsive to this request **in [his] possession** including text messages **in [his] possession**." (ECF No. 188-3 at 137–40, 188 (emphasis added).)[6]  In addition, for RFP Nos. 43 and 67, Brown represents that "[a]fter a diligent search and reasonable inquiry, [he] cannot comply with th[e] request at this time as no such document(s) exists within [his] possession, custody, or control."  (ECF No. 188-3 at 152, 184.)  For all other RFPs, including RFP Nos. 5, 39, 53, 54, 58, 64–66, 68, and 69, Brown objects solely on other grounds, none of which are argued in his Opposition and, therefore, all of which are waived.

Defendants represent that they have "*repeatedly* already offered to let Plaintiff or his agent perform inspections of Defendants['] servers to obtain the documents sought[.]" (ECF No. 190 at 2.)  Specifically, "Defendants offered [Plaintiff] and his counsel the opportunity to come to Defendants' place of business with their own expert and perform whatever downloads they wished."  (*Id.* at 4; *see also id.* at 5 ("Defendants remain committed to permitting [Plaintiff] either personally, or through experts, to examine their systems and pull whatever data he wishes.").)[7]  Plaintiff has declined to do so.  (*Id.*)

---

[5]    Defendants claim the 40,000 documents already produced by Brown took 80 hours to produce and estimate that the remaining searches on seven additional custodians will take at least 100 hours.  (ECF No. 190 at 3–4.)  Defendants also claim that engaging experts to do the searches could cost hundreds of thousands of dollars.  (*Id.* at 3.)

[6]    As discussed below, Brown must produce all relevant documents in his possession, custody, or control, not just in his possession.

[7]    *See also* ECF No. 191-1 at 45–46.

Plaintiff does not address this offer in his reply.  Rather, he argues that "Defendants' reliance on outdated comparisons to justify their claims of excessive cost lacks credible support," particularly as Defendants "use Google for email services," which has a cloud-based platform and "readily accessible data with widely available instructions for retrieving current and former accounts to prepare files for discovery." (ECF No. 191 at 2.)  Plaintiff further argues that "[r]etrieving text messages is straightforward, using widely available third-party tools that do not require Apple ID access." (*Id.* at 3.)

Plaintiff contends that Defendants have the technical knowledge to access the required documents on their own, pointing to a Joint Discovery Statement, dated June 21, 2024, submitted by Defendants' prior counsel at Higgs Fletcher & Mack, LLP, which indicates that the firm has an in-house IT team. (ECF Nos. 191 at 2–3; 191-1 at 46.) Plaintiff also argues that Defendants' initial capacity to produce over 40,000 documents from a single custodian belies their claim of burden. (*Id.* at 4.)  However, Plaintiff does not address Defendants' claim that its substantial production of 40,000 documents occurred at a time when Defendants "were still (potentially) solvent business entities, and Defendants had the technical staff necessary to assist with pulling and reviewing potentially-responsive documents." (ECF No. 190 at 4–6.)  Defendants have represented that they no longer employ the requisite technical staff or a large law firm with an in-house IT staff. (*See* ECF No. 112.)

Given the foregoing, the Court finds that the most efficient (and reliable) way to gather all documents and communications at issue is to compel Brown to permit Plaintiff (or his designated expert or representative) to inspect any servers and/or hard drives in Brown's possession, custody, or control for all agreed upon custodians, as well as provide access to their Gmail accounts, at a mutually agreeable date and time within the next fourteen days.  Brown has represented in this case that he uses "a single email account for all the Defendant entities." (ECF No. 191-1 at 42.)  Moreover, Plaintiff served as the Chief Technology Officer of JGH until January 2023. (ECF No. 188-2 at 5.)  He has over ten years of experience and proficiency in Google Cloud Platform and various other cloud

services providers, is proficient in the setup, maintenance, and operations of Google Workspace, including Gmail, and is "the most authoritative person regarding the *general* storage and accessibility of JGH records and much of Defendants['] data systems." (*See* ECF Nos. 191-1 at 2–10; 188-2 at 5, 6.)  He therefore has the technological know-how to access and download Gmail accounts and search for the documents he needs to prosecute his case.

The Court further finds it appropriate to compel Brown to produce all bank statements and credit card statements responsive to RFP Nos. 5 and 7–9.  To the extent Brown has control over the accounts at issue and has the authority to personally request a copy of the statements from his bank and credit card companies, he shall do so.  Brown shall file a declaration with the Court within ten days of the date of this Order confirming that he has requested such statements from the relevant banks and credit card companies.

With respect to text messages, Plaintiff claims that Defendants previously agreed to produce text messages for all RFPs to which responsive communications include text messages. (ECF No. 188-1 at 10.)  However, Defendants now claim that they no longer have access to any text messages from any of the identified custodians and that Brown no longer has any text messages from the relevant time frame.  (ECF No. 190 at 5.) Specifically, Defendants represent that they "simply do not have access to the individual text messages for the requested custodians."  (*Id.*)  Although expressly directed by the Court to provide the information, Defendants appeared at the May 28, 2025 hearing unprepared to say whether the identified custodians used their personal phones for business use and why Defendants no longer have possession, custody, or control of the data.  (ECF No. 214 at 7–10.)  However, to the extent the requested custodians used cell phones,[8] which

---

[8]    The Court finds that the inspection of business cell phones does not implicate the same privacy interests as the inspection of personal cell phones. *See Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *5–7 (N.D. Cal. Oct. 22, 2018) (discussing the privacy concerns of accessing opposing parties' mobile phones).

1  are still in Defendants' possession, custody, or control, they shall make these phones

2  available for inspection by Plaintiff.

3         Accordingly, as set forth in the chart below, the Court orders as follows:

| RFP No. | Request | Court's Order |
|---|---|---|
| RFP No. 5 | All bank statements for any bank account held by You either in part or in whole that demonstrate any payments You received from any of the Entity Defendants[9] since December 13, 2016. | Brown shall produce all responsive bank statements from December 13, 2016, to the present. Brown has not demonstrated that he cannot obtain these statements from the bank or that it would be unduly burdensome. All transactional information beyond that which is requested may be redacted. |
| RFP No. 7 | All credit card statements for any credit card account held by You either in part or in whole that reflect any charges for any of the Entity Defendants since December 13, 2016. | Brown shall produce all responsive credit card statements from December 13, 2016, to the present. Brown has not demonstrated that he cannot obtain these statements from the credit card companies and that it would be unduly burdensome. All transactional information beyond that which is requested may be redacted. |
| RFP No. 8 | All bank statements relating to any bank account held in the name of any Entity Defendant that you are authorized to access since December 13, 2016. | Brown shall produce all responsive bank statements from December 13, 2016, to the present. Brown has not demonstrated that he cannot obtain these statements from |

---

[9]      Entity Defendant(s) is defined in the RFPs as follows: "Jet Genius Holdings, Inc.; Jet Genius Florida Holdings, Inc.; C3Jets LLC; Bowman Aviation, Inc.; Jet Agency Global, LLC; C3 Limo LLC; and Jetcharter.com LLC." (*See* ECF No. 188-3 at 3.)

| RFP No. | Request | Court's Order |
|---------|---------|---------------|
|  |  | the bank and that it would be unduly burdensome. |
| RFP No. 9 | All credit card statements relating to any credit card account held in the name of any Entity Defendant for which you are an authorized user since December 13, 2016. | Brown shall produce all responsive credit card statements from December 13, 2016, to the present. Brown has not demonstrated that he cannot obtain these statements from the credit card companies and that it would be unduly burdensome. |
| RFP No. 28 | All documents and communications relating to any reimbursement You have received from any Entity Defendant at any time since December 13, 2016. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 31 | All communications between You and Alex Wolf since December 13, 2016 relating to any of the Entity Defendants. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 32 | All communications between You and Alex Wolf since December 13, 2016 relating to Plaintiff. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians |

22-cv-01164-GPC-JLB

| RFP No. | Request | Court's Order |
|---------|---------|---------------|
| | | available for Plaintiff's inspection. |
| RFP No. 33 | All communications between You and Alex Wolf relating to this Action. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 37 | All communications between You and Stacy Brown since December 13, 2016 relating to any of the Entity Defendants. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 38 | All communications between You and Stacy Brown since December 13, 2016 relating to Plaintiff. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 39 | All communications between You and Stacy Brown relating to this Action. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians |

22-cv-01164-GPC-JLB

| RFP No. | Request | Court's Order |
|---------|---------|---------------|
| | | available for Plaintiff's inspection. |
| RFP No. 43 | All communications between You and Chasen Dobos since December 13, 2016 relating to any of the Entity Defendants. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media devices in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 53 | All documents and communications relating to any transfer of any money or any other asset to the Stacy Brown Separate Property Trust, as may be amended and/or restated, by You or any Entity Defendant since December 13, 2016. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 54 | All documents and communications relating to any transfer of any money or any other asset from the Stacy Brown Separate Property Trust, as may be amended and/or restated, to You or any Entity Defendant since December 13, 2016. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 58 | All documents and communications relating to Your travels, including all itineraries, receipts, accommodation bookings, and records of any flights, whether commercial or private [for which You did | Defendant shall make the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |

| RFP No. | Request | Court's Order |
|---------|---------|---------------|
| | not pay full market price], since December 13, 2016. | |
| RFP No. 64 | All documents and communications relating to any unpaid state or federal tax obligations that You owed or was assessed against You from December 13, 2016 to present, including but not limited to any unpaid federal excise tax. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 65 | All documents and communications relating to any decisions to provide, or not to provide, a defense or to indemnify Plaintiff in relation to any tax obligation or action by the IRS related to any tax obligation. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 66 | All documents and communications relating to the sale, license, transfer, or continued development of the JGH Platform since December 13, 2016. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 67 | All documents and communications relating to You permitting the use of the JGH Platform by any other person or entity since December 13, 2016. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians |

| RFP No. | Request | Court's Order |
|---------|---------|---------------|
| | | available for Plaintiff's inspection. |
| RFP No. 68 | All documents and communications relating to the negotiations or execution of the Letter Agreement. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 69 | All documents and communications relating to Your performance, or the performance of Jet Genius Holdings, Inc., of the terms and requirements of the Letter Agreement. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |
| RFP No. 70 | All documents and communications (including but not limited to evidence of phone calls or text messages) relating to, evidencing, or comprising communications made while utilizing the Phone Account. | Defendant shall make any physical documents and materials, as well as the servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control for all identified custodians available for Plaintiff's inspection. |

///
///
///
///
///

22-cv-01164-GPC-JLB

2.    Jet Agency Global, LLC

Plaintiff contends that Jet Agency Global, LLC's response to RFP No. 5 remains deficient.  (ECF No. 188-1 at 10.)   RFP No. 5 requests: "All Your client invoices since December 13, 2016."  (ECF No. 188-3 at 277.)  Jet Agency Global, LLC's "Third Further Response" states:

> This request seeks information that may be confidential, proprietary, and trade secret business information, and violates the right to financial privacy. Subject to and without waiving said objections, Responding Party responds as follows: Responding Party will produce all documents responsive to this request in its possession.   Discovery is ongoing and Responding Party reserves the right to modify, supplement, revise or amend this response as additional information becomes available.

(*Id.* at 278.)

Defendants do not dispute the relevance of this request.  The Court deems the objections as to trade secrets, confidentiality and privacy waived as Defendants did not raise them in their opposition to the motion to compel.  *See Medina*, 2014 WL 4793026, at *16; *Duran*, 2024 WL 3468758, at *2.  Separate and apart from the waiver, in light of the Protective Order in place and the representations that the entity defendants are insolvent and winding down (ECF No. 190 at 4), those objections are overruled. Therefore, to the extent Jet Agency Global, LLC has not produced all documents in its "possession, custody, or control," it must do so.  *See* Fed. R. Civ. P. 34(a)(1).  As previously stated, "[c]ontrol is defined as the legal right to obtain documents upon demand." *Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452.  Therefore, Defendant Jet Agency Global, LLC is responsible for producing documents that are not just in its possession, but documents that it has the legal right to demand from a third party.  If no additional documents exist, Jet Agency Global, LLC must amend its response to state that a reasonable inquiry has been made, and no further responsive documents exist.

3.    C3 Jets, LLC

Plaintiff contends that C3 Jets, LLC's response to RFP No. 19 remains deficient. (ECF No. 188-1 at 10.) RFP No. 19 requests: "All Your check registers and general ledgers

since December 13, 2016." (ECF No. 188-4 at 30.) C3 Jets, LLC's "Third Further Response" states:

> Objection. Responding Party objects to the terms "check registers" and "general ledgers" as vague, ambiguous, and overbroad. This request seeks information that may be confidential, proprietary, and trade secret business information, and violates the right to financial privacy. Subject to and without waiving said objections, Responding Party responds as follows: To the extent they exist, Responding Party will produce all documents responsive to this request in its possession. Discovery is ongoing and Responding Party reserves the right to modify, supplement, revise or amend this response as additional information becomes available.

(*Id.* at 31.) Defendants do not dispute the relevance of this request. The Court deems the objections as to trade secrets, confidentiality and privacy waived as Defendants did not raise them in their opposition to the motion to compel. *See Medina*, 2014 WL 4793026, at *16; *Duran*, 2024 WL 3468758, at *2. Separate and apart from the waiver, in light of the Protective Order in place and the representations that the entity defendants are insolvent and winding down (ECF No. 190 at 4), those objections are overruled. Therefore, as previously stated, to the extent C3 Jets, LLC has not produced all documents in its "possession, custody, or control," it must do so. *See* Fed. R. Civ. P. 34(a)(1). If no additional documents exist, C3 Jets, LLC must amend its response to state that a reasonable inquiry has been made, and no further responsive documents exist.

> 4. <u>Privilege Log, Verifications, and Amended RFP Responses</u>

Plaintiff further claims that Defendants previously agreed to do, but have not done, the following: (1) produce a privilege log that (a) identifies all documents or communications that were removed from collection by anyone other than Higgs, Fletcher & Mack attorneys and (b) properly identifies all documents or communications that were withheld on the basis of a privilege; (2) serve verifications to interrogatories for which they have not served verifications; and (3) for any RFP response that states Defendants will produce responsive documents or communications in their "possession" means that they

will produce responsive documents or communications in their "possession, custody or control." (ECF No. 188-1 at 10.)

Defendants do not address any of these requests. As to the privilege log issue, Defendants served their initial responses to Plaintiff's RFPs well over a year ago at a time when they were a solvent entity and represented by a large law firm. Following a June 27, 2024 Discovery Conference, the Court further ordered Defendants to produce a complete privilege log to Plaintiff no later than July 15, 2024. (ECF No. 120.) To the extent no privilege log has been served with respect to any prior production, the Court finds that all privileges, except for marital communications, as discussed below, have been waived under the circumstances. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding that a district court should make a case-by-case determination as to whether a party has waived its privileges by failing to timely produce a privilege log; finding five months too long).

To the extent Stacy Brown is claiming the marital communications privilege as to any responsive marital communications, Defendants must create a privilege log of those communications within fourteen days. *See United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004) ("[T]he marital communications privilege[] provides that [c]ommunications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged.") (internal quotation marks and citation omitted); *see also Veracities PBC v. Strand*, 602 F. Supp. 3d 1354, 1359 (D. Or. 2022) (holding that "at least in the content of a civil lawsuit involving business matters, a written marital communication may not be privileged if it is an 'ordinary business communication' and it does not have some other indication of confidentiality"). With the exception of documents as to which Stacy Brown asserts the marital communications privilege, Defendants shall produce all documents withheld on the basis of privilege.

Next, with respect to Defendants' interrogatory responses, Federal Rule of Civil Procedure 33 clearly states, "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Therefore, to

the extent Defendants have not signed their interrogatory responses, they must do so within ten days of the date of this Order.

### D.    Attorney's Fees

Plaintiff seeks $64,450.50 in attorney's fees which he incurred because of this discovery dispute. (ECF No. 188-1 at 13.) This amount covers the time frame from January 31, 2024, through August 22, 2024. (ECF No. 191-1 at 145–48.) Plaintiff attaches the invoices from Procopio, his law firm during this time, to his reply. (*Id.* at 95–144.) Defendants argue that Plaintiff's request for attorney's fees is not appropriate given Plaintiff's *pro se* status at the time he filed the motion. (ECF No. 190 at 2.)

Federal Rule of Civil Procedure 37(a)(5) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion." *See* Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes various exceptions, such as where the court finds the nonmoving party's nondisclosure, response, or objection was substantially justified,[10] or an award of expenses would be unjust. *See id.* If the court grants in part and denies in part a motion to compel discovery, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Here, although Defendants do not argue otherwise, the Court finds that Defendants' discovery positions were not reasonably justified, and an award of attorney's fees would not be unjust. This Court has overseen discovery disputes regarding Defendants' responses to the discovery requests at issue for more than a year. Defendants initially raised some legitimate objections to some aspects of the discovery. On multiple occasions, the Court held informal Discovery Conferences at which compromises were reached and Defendants

---

[10]    "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Blair*, 2014 WL 4658731, at *1 (citation omitted). The non-moving party bears the burden of demonstrating its conduct was substantially justified. *Id.*

agreed to supplement their responses consistent with those compromises. Time and time again, Defendants revoked or denied the agreements reached in informal discovery conferences. Time and time again, Defendants failed to meet deadlines set by the Rules of Civil Procedure and by Court orders. Time and time again, Defendants shifted their positions to the detrimental reliance of Plaintiff. Although Defendants most recently have offered to resolve some of the disputes between the parties by allowing Plaintiff to directly inspect and copy electronically stored data, it was only at the continued motion hearing on May 28, 2025, that Defendants provided email usernames and passwords to Plaintiff. Moreover, Defendants' assertions at the hearings on this motion raised serious questions about possible spoliation of evidence.

Here, Plaintiff seeks an award of attorney's fees for the time his prior counsel spent meeting and conferring and attempting to resolve this discovery dispute long before the motion to compel was filed. Rule 37(a)(5) provides for "reasonable expenses *incurred in making the motion*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Courts therefore do not consider reasonable the time "spent on meeting and conferring regarding discovery disputes or reviewing discovery responses and production, both of which are also normal expenses incurred in the course of litigation." *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943-LAB-LL, 2019 WL 3769191, at *9 (S.D. Cal. Aug. 9, 2019) (collecting cases); *see also Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 2:18-cv-9768-FMO (KSx), 2019 WL 7166067, at *4 (C.D. Cal. Nov. 8, 2019) ("Courts in this district have reasoned that [the statutory] language does not include time spent by counsel in meet and confer efforts as compensable under Rule 37(a)(5)(A).").

At the time Plaintiff filed this motion, he was proceeding *pro se*. (*See* ECF Nos. 145, 178, 188.) He is therefore not entitled to any attorney's fees for work done by his former firm under Rule 37(a)(5)(A). *See Duran v. Cnty. of Riverside*, No. 5:23-CV-00106-AB (JDE), 2024 WL 3468758, at *2 (C.D. Cal. July 3, 2024) (citing *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002) ("Rule 37 does not empower the district court to award attorney fees to a *pro se* litigant.")). However, Plaintiff is entitled to

reasonable expenses incurred by his current counsel in filing the reply in support of his motion and attending both hearings before the Court related to the motion. (*See* ECF No. 191.)  Plaintiff shall therefore file a declaration substantiating the reasonable expenses[11] incurred by his current counsel within ten (10) days of the date of this Order.  Defendants will be given an opportunity to respond.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**.  As set forth above, the Court **ORDERS** as follows:

1.    Brown shall permit Plaintiff (or his designated expert or representative) to inspect the electronic storage media for all agreed upon custodians,[12] to include providing access to their Gmail accounts, at a mutually agreeable date and time within **fourteen (14) days** of the date of this Order.

2.    Brown shall permit Plaintiff (or his designated expert or representative) to inspect and copy physical items and documents that may contain responsive material at a mutually agreeable date and time within **fourteen (14) days** of the date of this Order.

---

[11]    Reasonable attorneys' fees are determined by the lodestar method.  *Blair v. CBE Grp., Inc.*, No. 13CV134-MMA WVG, 2014 WL 4658731, at *3 (S.D. Cal. Sept. 17, 2014).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  To do so, the applicant "should submit evidence supporting the hours worked and rates claimed."  *Id.*  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.*

[12]    These custodians include: (1) Brown; (2) personal assistants, presumed to be but not limited to, Ileana Garces, Marie Stone, Bianca Feller, Kimberlee Pouykham, and Emile Rosenow; Executives Chasen Dobos, Ryan Sargent, and Yves Brancheau; (3) accounting staff Roya Arabi, Deb Fouts, Cindy Grotsky, Maureen Bartzis, and Laurie Rector; (4) shareholder Alexander Wolf; and (5) Stacy Brown.

3.    To the extent Defendants have possession, custody, or control of the cell phones used by the agreed upon custodians, they shall make those phones available for inspection by Plaintiff at a mutually agreeable date and time within **fourteen (14) days** of the date of this Order.

4.    Brown shall file a declaration with the Court within **ten (10) days** of the date of this Order confirming that he has requested all responsive bank statements and credit card statements.  Brown shall produce these statements to Plaintiff within **seven (7) days** of receipt of the statements.

5.    Within **fourteen (14) days** of the date of this Order, Defendant Jet Agency Global, LLC shall produce all documents in its possession, custody, or control responsive to RFP No. 5, or allow Plaintiff (or his designated expert or representative) to inspect and copy the same at a mutually agreeable date and time.  If no further documents exist, Defendant shall amend its response to state that a reasonable inquiry has been made, and no further responsive documents exist.

6.    Within **fourteen (14) days** of the date of this Order, Defendant C3 Jets, LLC shall produce all documents in its possession, custody, or control responsive to RFP No. 19, or allow Plaintiff (or his designated expert or representative) to inspect and copy the same at a mutually agreeable date and time.  If no further documents exist, Defendant shall amend its response to state that a reasonable inquiry has been made, and no further responsive documents exist.

7.    Within **fourteen (14) days** of the date of this Order, Defendants shall produce all responsive documents withheld on the basis of privilege, except for those documents over which Stacy Brown asserts the marital communications privilege.

8.    Within **ten (10) days** of the date of this Order, Defendants shall serve on Plaintiff signed copies of their interrogatories in compliance with Fed. R. Civ. P. 33.

22-cv-01164-GPC-JLB

9.    Plaintiff shall file a declaration substantiating the reasonable fees incurred by his counsel in filing the reply and attending the two related hearings before the Court within **ten (10) days** of the date of this Order.  Defendants may file any opposition challenging the reasonableness of the amount of attorney's fees within **five (5) days** of Plaintiff's filing of his declaration.

10.    Within **fourteen (14) days** of the date of this Order, Defendants shall produce a privilege log of any communications as to which Stacy Brown is asserting marital communications privilege.

11.    **Failure to timely comply with any aspect of this Order may expose Defendants to the imposition of sanctions up to and including evidentiary and issue preclusion sanctions**.

**IT IS SO ORDERED.**

Dated:  June 6, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge