Matt Blum, Esq., SBN: 285944
The Law Office of Matt Blum
550 W C Street, Suite 960
San Diego, CA 92101
Mblumlaw@gmail.com
Tel: 860-271-6273
Fax: 619-238-1351

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Defendants JORDAN BROWN; JET GENIUS HOLDINGS, INC.; JET GENIUS FLORIDA HOLDINGS, INC.; C3JETS LLC; BOWMAN AVIATION, INC.; JET AGENCY GLOBAL, LLC; C3 LIMO LLC; JETCHARTER.COM LLC; and DOES 1-20,<br><br>Defendants,<br><br>and<br><br>JET GENIUS HOLDINGS, INC.,<br>Nominal Defendant. | Case No. 3:22-cv-01164-GPC-JLB<br><br>Dist. Judge: Hon. Gonzalo P. Curiel<br>Mag. Judge: Hon. Jill L. Burkhardt<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE FEE AWARD (ECF 224) AND FOR CIVIL CONTEMPT RE NON-PAYMENT; REQUEST FOR COERCIVE PER-DIEM FINE AND ADDITIONAL FEES**<br><br>Date: November 20, 2025<br><br>No Oral Argument Unless Ordered by the Court |
| AND RELATED COUNTERCLAIM. | Complaint Filed: August 8, 2022<br>SAC Filed: August 21, 2023<br>Trial Date: Not Yet Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 14, 2025, the Court awarded Plaintiff $11,440.00 in attorneys' fees under Rule 37 and ordered payment within thirty (30) days. As of October 27, 2025 2025, Defendants have neither paid nor sought relief from that obligation. *See the Concurrently Filed Declaration of Attorney Matt Blum in Support of this Motion "Blum Dec" at* ¶2. Counsel for Plaintiff has met and conferred with Counsel for Defendant via email and phone call with respect to his client's failure to abide by this Court's Order. No explanation for non-payment has been provided, and counsel for Defendant has been unable to provide assurances that payment is going to be made. *Blum Dec at* ¶ 3. While Counsel for the Defendant has remained professional, it is clear that his client does not respect this Court, does not intend to comply with this Court Order, and is not taking this case seriously. *Blum Dec* at ¶ 4. Non-payment violates a specific and definite order and warrants a civil-contempt adjudication limited to this discrete violation, together with a purgeable per-diem fine and compensatory fees for the enforcement effort. See, e.g., *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *United Mine Workers v. Bagwell*, 512 U.S. 821, 829–30 (1994); Fed. R. Civ. P. 37(b)(2)(C).

Consistent with ECF 223, Plaintiff does not rehash topics already before the Court on the pending OSC. The relief requested here addresses only Defendants' failure to pay court-ordered fees.

## I. BACKGROUND

On August 14, 2025, the Court granted Plaintiff's fee motion and awarded $11,440 under Rule 37 and directed payment within 30 days. (*See* ECF No. 224.) Defendants had notice of the award and deadline. Plaintiff's counsel attests that no payment has been received as of September 16, 2025. The Court's prior discovery order required targeted productions and access (e.g., financial records and custodian-

level ESI, including Stacy Brown as a custodian, and a marital-communications log within 14 days). (*See* ECF No. 215)[1]

## II. LEGAL STANDARD

Civil contempt requires clear and convincing evidence of noncompliance with a specific and definite court order; good faith is not a defense. *Dual-Deck*, 10 F.3d at 695. A party asserting impossibility bears the burden to show **categorically and in detail** a **present inability** to comply and that it took **all reasonable steps**. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (quoting *NLRB v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973)); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *United States v. Rylander*, 460 U.S. 752, 757–58 (1983); *Maggio v. Zeitz*, 333 U.S. 56, 75–76 (1948).

Civil sanctions may be coercive (e.g., purgeable per-diem fine) and/or compensatory (fees and costs caused by the contumacy). *Bagwell*, 512 U.S. at 829–30; Fed. R. Civ. P. 37(b)(2)(C).

## III. ARGUMENTS

### A. Defendants violated a specific and definite order by failing to pay ECF 224's fee award.

ECF 224 required payment by a date certain. Non-payment after that deadline is a well-established basis for civil contempt. *Dual-Deck*, 10 F.3d at 695.

### B. "Impossibility" (as to non-payment) cannot be sustained while withholding spouse-linked records that ECF 215 already required Defendants to make available; no operative privilege remains to shield those materials.

[1] Plaintiff references ECF 215 only to frame the narrow legal point described herein regarding the impossibility defense as it relates to non-payment.

ECF 215 compels custodian-level inspection/access including "servers, email accounts, cell phones, and any other electronic storage media in his possession, custody, or control" for all identified custodians, including wife Stacy Brown, and requires request and production of bank/credit-card statements within Defendants' "possession, custody, or control," with a confirming declaration. It further holds that all privileges were waived absent a timely log, limited any surviving privilege to marital communications, and required a marital-communications privilege log within fourteen days, which Defendants did not serve.

Consistent with ECF 215's inspection/access directives, privilege posture, and the requests covering trust transfers (including RFP No. 54), any asserted present inability to pay should be supported, at minimum, by (i) current bank/credit statements and cash-flow records within Defendants' possession, custody, or control (including records obtainable upon request), for Jordan Brown, Stacy Brown, and any trust over which Stacy Brown holds authority or control (including the Stacy Brown Separate Property Trust); (ii) documents and communications concerning transfers to or from such trusts to Jordan Brown or any Entity Defendant since December 13, 2016; and (iii) spousal communications bearing on assets, revenues, expenditures, transfers, or liquidity. In light of the Court's prior waiver ruling and the unserved marital-communications log, the record supports a finding that no marital-communications privilege remains available to withhold those materials. Absent these categories, an impossibility presentation does not appear to satisfy the Ninth Circuit's requirement that inability be shown categorically and in detail, nor does it rebut the inference that any asserted inability is self-created by asset placement in structures within the Defendants' practical control.[2]

---

[2] This showing is requested solely to evaluate the non-payment issue and respects the Court's guidance in ECF 223 not to re-argue matters currently pending under the separate OSC.

**C. Narrow, appropriate remedies: purgeable per-diem fine and compensatory fees for the enforcement effort.**

A purgeable and compensatory per-diem fine, payable to the Clerk, until payment is made, together with reasonable additional fees for preparing and arguing this motion, is squarely within the Court's authority and appropriately tailored to coerce compliance and compensate Plaintiff. *Bagwell*, 512 U.S. at 829–30; Fed. R. Civ. P. 37(b)(2)(C).

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. **Adjudge Defendants in civil contempt** for violating ECF 224 by failing to pay the $11,440.00 fee award by the Court-ordered deadline;
2. **Impose a purgeable coercive sanction of $500 per day per contemnor**, payable to the Clerk of Court, accruing from September 14, 2025 (the day after the ECF 224 payment deadline) and continuing until Defendants purge by paying the full $11,440.00 to Plaintiff (through Plaintiff's counsel's trust account);
3. **Award Plaintiff additional reasonable attorney's fees and costs** incurred in bringing and arguing this enforcement motion, with a short post-order schedule for lodestar submissions (Plaintiff to file fee papers within 7 days; any response limited to reasonableness due 3 days thereafter);
4. **Impossibility showing (non-payment only):** If Defendants contend present inability to pay the ECF 224 award, Plaintiff respectfully requests that the Court require that any such contention be supported by credible, contemporaneous documentation including: (i) current bank and credit-card statements and cash-flow records within Defendants' possession, custody, or control (including records that Jordan Brown or Stacy Brown can obtain upon

request) for Jordan Brown, Stacy Brown, and the Stacy Brown Separate Property Trust; (ii) documents and communications evidencing transfers to or from the Stacy Brown Separate Property Trust to Jordan Brown or any Entity Defendant since December 13, 2016; and (iii) spousal communications concerning assets, revenues, expenditures, transfers, or liquidity. In light of the Court's prior privilege-waiver ruling and the absence of a timely marital-communications log, no marital-communications privilege may be asserted to withhold such materials in connection with the non-payment "impossibility" showing. Further, to the extent Defendants' impossibility contention rests on, or is incomplete without, assets situated in any other trust over which Stacy Brown holds authority or control, the same categories of records for such trust(s) should be included to make the showing "categorical and detailed." The Court may disregard any impossibility proffer that omits any of the foregoing materials; and

5. **Alternative registry direction (if preferred):** Direct deposit of the $11,440.00 into the Court's registry, with disbursement to Plaintiff's counsel upon receipt, in which event the per-diem coercive fine shall cease to accrue upon deposit.

6. **Scope.** This Order is narrowly confined to the non-payment of the ECF 224 fee award and does not adjudicate or re-address matters presently pending under the separate OSC (see ECF 223).

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion should be granted. Defendants' non-payment breaches a specific and definite court order, and their anticipated "impossibility" claim, absent the categorical, credible financial records identified herein, cannot satisfy governing Ninth Circuit standards or demonstrate that

all reasonable steps were taken. Narrow, coercive, and compensatory measures are therefore warranted to restore compliance and vindicate the Court's authority while the pending OSC proceeds on its own track.

DATED: October 17, 2025

By: */s/ Matthew M. Blum, Esq.*
Matt Blum, Esq.
The Law Office of Matt Blum
Attorney for Plaintiffs