UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JORDAN BROWN, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No.:  22-cv-01164-GPC-JLB <br><br> **REPORT AND RECOMMENDATION RE: PLAINTIFF AARON STANZ'S NOTICE OF MOTION AND MOTION TO ENFORCE FEE AWARD (ECF 224) AND FOR CIVIL CONTEMPT RE NON-PAYMENT AND REQUEST FOR COERCIVE PER-DIEM FINE AND ATTORNEY'S FEES** <br><br> **[ECF No. 230]** |

Before the Court is a Motion to Enforce Fee Award and for Civil Contempt re Non-Payment; Request for Coercive Per-Diem Fine and Additional Fees ("Motion") filed by Plaintiff Aaron Stanz ("Plaintiff").  Defendants Jordan Brown, Jet Genius Holdings, Inc., Jet Genius Florida Holdings, Inc., Bowman Aviation, Inc., Jet Agency Global, LLC, C3

22-cv-01164-GPC-JLB

Jets, LLC, and C3 Limo, LLC (collectively, "Defendants") did not file an opposition. The Court **RECOMMENDS** to the Honorable Gonzalo P. Curiel that the Court initiate civil contempt proceedings against Defendants and impose a contempt sanction in the form of a coercive per diem fine. However, the Court **RECOMMENDS** that Plaintiff's request for attorney's fees and costs incurred preparing the instant Motion be denied. The Court certifies the pertinent facts in connection with a contempt inquiry.

## I. BACKGROUND AND CERTIFIED FACTS

In January 2025, Plaintiff filed a Motion to Compel Production of Documents and for an Order Awarding Attorney's Fees ("Motion to Compel"). (ECF No. 188.) Plaintiff sought to compel responses to Plaintiff's Requests for Production (Set One) served on Defendants. (*Id.* at 2.) Defendants filed an opposition (ECF No. 190), and Plaintiff filed a reply (ECF No. 191). The Court held hearings regarding the Motion to Compel on May 15, 2025, and May 28, 2025. (ECF Nos. 207, 210.)

On June 6, 2025, the Court issued an Order Granting Plaintiff's Motion to Compel ("Order"). (ECF No. 215.) The Court found that Defendants' discovery positions were not reasonably justified and that an award of attorney's fees would not be unjust. (*Id.* at 23.) Accordingly, the Court directed Plaintiff to file a declaration substantiating the reasonable fees incurred by his counsel in filing his reply and attending the two hearings within ten (10) days of the date of the Order. (*Id.* at 27.) The Court also instructed Defendants to file any opposition challenging the reasonableness of the amount of attorney's fees within five (5) days of Plaintiff's filing of his declaration. (*Id.*) On June 12, 2025, Plaintiff filed the Declaration of Attorney Matt Blum in support of Reasonable Attorney's Fees Incurred. (ECF No. 216.) Defendants did not file an opposition.

By order dated August 14, 2025, the Court awarded Plaintiff attorneys' fees totaling $11,400 and ordered Defendants to pay this sum to Plaintiff within 30 days of the date of the order. (ECF No. 224.) Plaintiff's counsel attests that Defendants have failed to remit payment in accordance with the Court's August 14, 2025 order. (ECF No. 230-1 at 2; ECF No. 230-2 at 2, ¶ 2.)

22-cv-01164-GPC-JLB

## II.   DISCUSSION

### A.   Contempt

Plaintiff argues that Defendants' failure to pay the attorney fee award within 30 days of the Court's August 14, 2025 order subjects Defendants to civil contempt proceedings by the Court.  (ECF No. 230-1 at 3.)

Except in limited circumstances not applicable here,[1] United States Magistrate Judges lack contempt authority.  *See* 28 U.S.C. § 636(e); *see also HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12CV2884-BAS (MDD), 2014 WL 12102169, at *1 (S.D. Cal. Dec. 16, 2014) (citing 28 U.S.C. § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656–657 (9th Cir. 1996) (explaining that "[m]agistrate judges themselves do not have authority to make any findings of contempt, so must certify their findings to the district judge").  Title 28, Section 636 of the United States Code provides, in pertinent part, that upon the commission of an act constituting a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge[2] and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The

---

[1] United States magistrate judges may, for instance, assert civil or criminal contempt authority in any case in which the magistrate judge presides with the consent of the parties and may exercise summary criminal contempt authority to sanction any obstruction of the administration of justice occurring "in the magistrate judge's presence."  28 U.S.C. § 636(e)(2), (4).

[2] "The magistrate judge's certification of facts serve[s] the function of the charging document," and "the district court conduct[s] a de novo hearing where it [may] take and consider additional evidence."  3A Fed. Prac. & Proc. Crim. § 715 (4th ed.); *see also* 7A Fed. Proc., L. Ed. § 17:12 ("Trying the contempt charges de novo, the district judge will hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish the person in the same manner and to the same extent as for a contempt committed before a district judge.").

> district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  "Essentially, the magistrate judge's role is to determine whether Plaintiff has established a prima facie case of contempt[.]"  *Moog Inc. v. Skyryse, Inc.*, No. 2:22-CV-09094-GW (MAR), 2023 WL 12032095, at *2–3 (C.D. Cal. May 16, 2023).

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.  The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order."[3]  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citation and quotation marks omitted); *see also United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980) (citation omitted) (explaining that civil contempt is an appropriate remedy when a court aims to "enforce compliance with a court order").  "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).  "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence."  *In re Dual-Deck*, 10 F.3d at 695 (citation and quotation marks omitted); *see also Bagwell*, 512 U.S. at 827 (stating that "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered

---

[3] Federal Rule of Civil Procedure 37(b)(2)(A)(vii) permits the Court to treat as contempt of court the failure to obey any order to provide or permit discovery, except for an order to submit to a physical or mental examination.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard," further explaining that "[n]either a jury trial nor proof beyond a reasonable doubt is required").

Thus,

> [t]o establish a prima facie case for civil contempt, the moving party must show, "by clear and convincing evidence," that the non-moving party disobeyed "a specific and definite court order," and that such disobedience was "beyond substantial compliance" and "not based on a good faith and reasonable interpretation of the court's order."

*Daimler AG v. A-Z Wheels LLC*, No. 16-CV-875 JLS (MDD), 2022 WL 281580, at *1 (S.D. Cal. Jan. 31, 2022) (quoting *In re Dual-Deck*, 10 F.3d at 695). "Once the moving party meets this standard, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible." *HM Elecs., Inc.*, 2014 WL 12102169, at *1 (citing *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)); *see also United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citation omitted) (stating that "[a]n alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply"); *In re Dual-Deck*, 10 F.3d at 695 (citation and quotation marks omitted) ("Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply").

Here, the Court's August 14, 2025 order awarding Plaintiff $11,400 in attorneys' fees constitutes a specific and definite order. (*See* ECF No. 224); *see also Daimler AG*, 2022 WL 281580, at *1. Especially in the absence of any opposition, Plaintiff's attestation that Defendants failed to remit payment in accordance with this Court's August 14, 2025 order constitutes clear and convincing evidence of Defendant's noncompliance. (ECF No. 230-2 at 2, ¶ 2); *see also Tahoe Reg'l Plan. Agency v. Reziapkine*, No. 2:21-CV-02235-DAD-JDP, 2025 WL 1331306, at *2 (E.D. Cal. May 7, 2025) (holding that affidavits and exhibits proffered by plaintiff constituted clear and convincing evidence that defendant violated a

court order). Thus, the burden shifts to Defendants to demonstrate that they "took every reasonable step to comply, and to articulate reasons why compliance was not possible." *HM Elecs., Inc.*, 2014 WL 12102169, at \*1. However, Defendants failed to file an opposition. The Court therefore finds that Plaintiff has demonstrated a prima facie case for civil contempt. *See Daimler AG*, 2022 WL 281580, at \*1; *cf. Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-CV-00278-MCS-KK, 2023 WL 8261408, at \*1, \*7 (C.D. Cal. May 31, 2023) (declining to hold counterclaim defendants in contempt of court for failure to pay court-awarded attorney's fees due to a demonstrated inability to pay). The undersigned Magistrate Judge certifies the pertinent facts set forth above and recommends that the Court initiate civil contempt proceedings concerning Defendants' noncompliance with the Court's August 14, 2025 order.

## B.    Coercive Per Diem Fine

Plaintiff asserts that the Court should impose on Defendants "[a] purgeable and compensatory per-diem fine" of $500 per day per contemnor, "payable to the Clerk, until payment is made, insisting that such a sanction is "appropriately tailored to coerce compliance and compensate Plaintiff." (ECF No. 230-1 at 5 (citing *Bagwell*, 512 U.S. at 829-30).)

"[A] per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" can constitute a coercive civil sanction. *Coleman v. Newsom*, 131 F.4th 948, 962–63 (9th Cir. 2025) (quoting *Bagwell*, 512 U.S. at 829)). "A court, in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947))).

Here, Defendants do not assert any inability to pay the $11,400 attorney's fee award. Indeed, as noted above, Defendants failed to oppose Plaintiff's Motion. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citing *Shillitani*

22-cv-01164-GPC-JLB

*v. United States*, 384 U.S. 364, 371 (1966)) ("A court's power to impose coercive civil contempt depends upon the ability of the contemnor to comply with the court's coercive order"); *see also Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCX), 2015 WL 12778337, at *3-*4 (C.D. Cal. Apr. 6, 2015) (declining to sanction defendants for failure to pay attorney's fees, where defendants claimed an inability to pay the fee award and provided some proof regarding their claim). Considering Defendants' chronic noncompliance with court orders in the instant litigation, as outlined extensively in the contemporaneously issued order and report and recommendation regarding Plaintiff's *ex parte* motion for sanctions,[4] the Court recommends a coercive sanction of $100 per day, to be paid to the Court by Defendants until the amount of $11,400 is remitted to Plaintiff in accordance with the Court's August 14, 2025 Order. *See id.* Defendants may pay this amount jointly or severally.

## C.     Additional Attorneys' Fees and Costs

Citing Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff contends that the Court should order Defendants to reimburse Plaintiff for the fees and costs incurred preparing the instant Motion. (ECF No. 230-1 at 5 (citing Fed. R. Civ. P. 37(b)(2)(C)).) Rule 37(b)(2)(C) mandates awarding attorneys' fees incurred in connection with the failure of a party to obey an order to provide or permit discovery.[5] Here, however, Plaintiff seeks to recover

---

[4] Plaintiff filed an *Ex Parte* Application for Order to Show Cause as to Why Defendants Should Not be Held in Contempt of Court for Failing to Comply with a Court Order (ECF No. 217), which the Court construed as a motion for sanctions (ECF No. 223).

[5] Federal Rule of Civil Procedure 37(b) provides, relevant part:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey an order to provide or permit discovery], unless the failure was substantially justified or other circumstances make an award of expenses unjust.

22-cv-01164-GPC-JLB

attorney's fees incurred as a result of Defendants' failure to pay the August 14, 2025 attorney's fee award.  (ECF No. 224.)  Thus, Rule 37(b)(2)(C) is inapplicable.

"An award of attorney's fees for civil contempt is within the discretion of the district court." *Just Goods, Inc. v. Just, Inc.*, No. 18-CV-02198-WHO, 2023 WL 5345827, at *5 (N.D. Cal. July 13, 2023), *aff'd sub nom. Just Goods, Inc. v. Eat Just, Inc.*, No. 23-16100, 2024 WL 4850827 (9th Cir. Nov. 21, 2024) (quoting *Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994)); *see also Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (noting that "[a]ttorneys' fees frequently must be expended to bring a violation of an order to the court's attention," and holding that "the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure").

Here, in consideration of the coercive per diem fines recommended in the instant report and recommendation, as well as the coercive per diem fines recommended and the attorney's fees awarded in the contemporaneously issued order and report and recommendation referenced above, the Court recommends denying Plaintiff's request for attorney's fees and costs incurred preparing the instant Motion.

## III.    CONCLUSION AND RECOMENDATION

For the foregoing reasons, the Court **RECOMMENDS** to the Honorable Gonzalo P. Curiel that the Court initiate civil contempt proceedings against Defendants and impose a contempt sanction in the form of a coercive $100 per diem fine.  However, the Court **RECOMMENDS** that Plaintiff's request for attorney's fees and costs incurred preparing the instant Motion be denied.  The Court certifies the pertinent facts in connection with a contempt inquiry, as set forth in the relevant procedural background above.

---

Fed. R. Civ. P. 37(b)(2)(A), (C).

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than **February 12, 2026**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED that** if objections are filed, any reply is due by **February 26, 2026**.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  January 29, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

22-cv-01164-GPC-JLB