UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JORDAN BROWN; JET GENIUS HOLDINGS, INC.; JET GENIUS FLORIDA HOLDINGS, INC.; C3 JETS LLC; BOWMAN AVIATION, INC.; JET AGENCY GLOBAL LLC; C3 LIMO LLC; JETCHARTER.COM LLC; and DOES 1-20, <br><br> Defendants. | Case No. 3:22-CV-01164-GPC-JLB <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART THE MOTION TO ENFORCE FEE AWARD AND FOR CIVIL CONTEMPT** <br><br> **[ECF Nos. 230, 237]** |

Before the Court is Plaintiff Aaron Stanz ("Plaintiff")'s Motion to Enforce Fee Award and for Civil Contempt re Non-Payment; Request for Coercive Per-Diem Fine and Additional Fees. ECF Nos. 230. Defendants Jordan Brown ("Brown"), Jet Genius Holdings, Inc. ("JGH"), Jet Genius Florida Holdings, Inc., Bowman Aviation, Inc., Jet Agency Global, LLC, C3 Jets, LLC, and C3 Limo, LLC (collectively, "Defendants") did

1

not file an opposition. On January 29, 2026, Magistrate Judge Jill L. Burkhart issued a Report and Recommendation ("R&R") that this Court initiate civil contempt proceedings against Defendants and impose contempt sanctions in the form of a coercive per diem fine. ECF No. 236. However, the R&R recommends that Plaintiff's request for attorney's fees and costs incurred preparing the instant Motion be denied. *Id*. No opposition to the R&R was filed.

After careful consideration of the pleadings, the Court ADOPTS the Magistrate Judge's R&R.

## BACKGROUND

In January 2025, Plaintiff filed a Motion to Compel Production of Documents and for an Order Awarding Attorney's Fees ("Motion to Compel"). ECF No. 188. Plaintiff sought to compel responses to Plaintiff's Requests for Production (Set One) served on Defendants. *Id.* at 2. Defendants filed an opposition, ECF No. 190, and Plaintiff filed a reply, ECF No. 191. Magistrate Judge Burkhart held hearings regarding the Motion to Compel on May 15, 2025 and May 28, 2025. ECF Nos. 207, 210.

On June 6, 2025, Magistrate Judge Burkhart issued an Order Granting Plaintiff's Motion to Compel ("Order"). ECF No. 215. The Court found that Defendants' discovery positions were not reasonably justified and that an award of attorney's fees would not be unjust. *Id.* at 23. Accordingly, the Court directed Plaintiff to file a declaration substantiating the reasonable fees incurred by his counsel in filing his reply and attending the two hearings within ten (10) days of the date of the Order. *Id.* at 27. The Court also instructed Defendants to file any opposition challenging the reasonableness of the amount of attorney's fees within five (5) days of Plaintiff's filing of his declaration. *Id.* On June 12, 2025, Plaintiff filed the Declaration of Attorney Matt Blum in support of Reasonable Attorney's Fees Incurred. ECF No. 216. Defendants did not file an opposition.

22-CV-01164-GPC-JLB

By order dated August 14, 2025, the Court awarded Plaintiff attorneys' fees totaling $11,400 and ordered Defendants to pay this sum to Plaintiff within 30 days of the date of the order. ECF No. 224. Plaintiff's counsel attests that Defendants have failed to remit payment in accordance with the Court's August 14, 2025 order. ECF No. 230-1 at 2; ECF No. 230-2 ¶ 2.

On January 29, 2026, Magistrate Judge Burkhart issued a Report and Recommendation ("R&R") that this Court initiate civil contempt proceedings, impose sanctions in the form of coercive per diem fines, and deny Plaintiff's request for attorneys' fees and costs incurred preparing the instant Motion. ECF No. 236. Neither party filed an opposition to the R&R.

## LEGAL STANDARD

### I.    Standard of Review of Magistrate Judge's Report and Recommendation

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report ... to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *see also United States v. Raddatz*, 447 U.S. 667, 675 (1980).

Where a party fails to object, however, the court is not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("We are therefore not persuaded that the statute positively requires some lesser review by the district court when no objections are filed."); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise"); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R&R is only required when an objection is made to the R&R") (citing *Reyna-Tapia*, 328 F.3d at 1121); *see also Schmidt v.*

3

*Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (interpreting Ninth Circuit's decision in Reyna–Tapia as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Here, no objection was filed.

## II.    Civil Contempt and Sanctions

Federal Rule of Civil Procedure 70(e) allows the Court to find a party in contempt for failure to comply with a court order. Fed. R. Civ. P. 70(e). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993)). However, good faith actions based on reasonable interpretations of a court order are a defense to civil contempt. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006)

In a civil contempt action, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (citation and internal quotation marks omitted).

If a party has been found in civil contempt, the Court has discretion to impose sanctions. *United States v. United Mine Works of Am.*, 330 U.S. 258, 701, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) ("[A]lthough the district court generally must impose the minimum sanction necessary to secure compliance ... the district court retains discretion to establish appropriate sanctions[.]"). Within the scope of civil contempt, courts can impose sanctions that (1) "coerce compliance with a court order" or (2) are "meant to compensate the complainant for actual losses." See *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union,*

*Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013) ("[A] sanction generally is civil if it coerces compliance with a court order or is a remedial sanction meant to compensate the complainant for actual losses."); *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 114 (S.D. Cal. 2024) ("The purpose of civil sanctions is to ensure compliance with court orders and to compensate aggrieved parties for the sanctioned party's failure to comply with court rules and orders.").

## DISCUSSION

### I.   Civil Contempt

As previously stated, civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993)). However, good faith actions based on reasonable interpretations of a court order are a defense to civil contempt. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006).

Here, Magistrate Judge Burkhart's August 14, 2025 order awarding Plaintiff $11,400 in attorneys' fees constitutes a specific and definite order. *See* ECF No. 224. Especially in the absence of any opposition, Plaintiff's attestation that Defendants failed to remit payment in accordance with this Court's August 14, 2025 order constitutes clear and convincing evidence of Defendant's noncompliance. ECF No. 230-2 ¶ 2; *see also Tahoe Reg'l Plan. Agency v. Reziapkine*, No. 2:21-CV-02235-DAD-JDP, 2025 WL 1331306, at *2 (E.D. Cal. May 7, 2025) (holding that affidavits and exhibits proffered by plaintiff constituted clear and convincing evidence that defendant violated a court order). Thus, the burden shifts to Defendants to demonstrate that they "took every reasonable step to comply, and to articulate reasons why compliance was not possible." *HM Elecs.,*

5

*Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884-BAS (MDD), 2014 WL 12102169, at *1 (S.D. Cal. Dec. 16, 2014). However, Defendants failed to file an opposition.

Given the above and that Defendants have not opposed the instant motion, have, have not opposed the R&R, and have not established their burden of being unable to comply, the Court finds that Plaintiff has shown Defendants violated and continues to be in violation of the August 14, 2025 Order. Accordingly, the Court GRANTS the Plaintiff's motion for civil contempt and finds Defendants in contempt.

## II.   Sanctions

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015) (citation omitted); *see also Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) ("As a condition precedent to imposing sanctions pursuant to Federal Rule of Civil Procedure 37 the Defendants must have violated a Court Order"). There are two limitations to the application of a Rule 37(b)(2) sanction. "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (quoting Fed. R. Civ. P. 37(b)(2)).

Plaintiff requests that the Court: (i) impose a coercive sanction of $500 per day per contemnor and (ii) award Plaintiff additional attorneys' fees and costs. ECF No. 230-1 at 5.

### a.   Coercive Fines

A coercive sanction is imposed to coerce further obedience with court order. *United States v. United Mine Works of Am.,* 330 U.S. 258, 701 (1947). A per diem fine imposed for each day a contemnor fails to comply with an affirmative court order "is

6

fundamentally coercive and civil because, so long as 'the jural command is obeyed, the future, indefinite, daily fines are purged.'" *Coleman v. Newsom*, 131 F.4th 948, 963 (9th Cir. 2025) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)). "A court, in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). However, a coercive per diem fine cannot constitute a civil contempt sanction where the record shows that compliance with the court's order is impossible. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983) (reasoning that "the district court's order of contempt simply [could not] be sustained as a coercive civil contempt order," where "it was impossible for [the contemnor] to purge itself of contempt by returning documents which were in the sole possession of its counsel").

Plaintiff asserts that the Court should impose on Defendants "[a] purgeable and compensatory per-diem fine" of $500 per day per contemnor, "payable to the Clerk, until payment is made, insisting that such a sanction is "appropriately tailored to coerce compliance and compensate Plaintiff." ECF No. 230-1 at 5 (citing *Bagwell*, 512 U.S. at 829-30).

Here, Defendants do not assert any inability to pay the $11,400 attorney's fee award. Indeed, as noted above, Defendants failed to oppose Plaintiff's Motion. Considering Defendants' chronic noncompliance with court orders in the instant litigation, as outlined extensively in the Magistrate Judge's Order and Report and Recommendation on January 29, 2026, ECF No. 236, the Court adopts the Magistrate Judge's recommendation and imposes a coercive sanction of $100 per day, to be paid to the Court by Defendants until the amount of $11,400 is remitted to Plaintiff in

accordance with the Court's August 14, 2025 Order. Defendants may pay this amount jointly or severally.

### b. Additional Attorneys' Fees and Costs

Citing Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff contends that the Court should order Defendants to reimburse Plaintiff for the fees and costs incurred preparing the instant Motion. ECF No. 230-1 at 5.

However, Rule 37(b)(2)(C) mandates awarding attorneys' fees incurred in connection with the failure of a party to obey an order to provide or permit discovery. In contrast, Plaintiff seeks to recover attorney's fees incurred as a result of Defendants' failure to pay the August 14, 2025 attorney's fee award. ECF No. 224. Thus, Rule 37(b)(2)(C) is inapplicable.

Though "[a]n award of attorney's fees for civil contempt is within the discretion of the district court," the Court agrees with the Magistrate Judge. *Just Goods, Inc. v. Just, Inc.*, No. 18-CV-02198-WHO, 2023 WL 5345827, at *5 (N.D. Cal. July 13, 2023), *aff'd sub nom. Just Goods, Inc. v. Eat Just, Inc.*, No. 23-16100, 2024 WL 4850827 (9th Cir. Nov. 21, 2024) (quoting *Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994)); *see also Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (noting that "[a]ttorneys' fees frequently must be expended to bring a violation of an order to the court's attention," and holding that "the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure"). Given the coercive per diem fines imposed in the prior order by this Court, *see* ECF No. 239, and the coercive per diem fines imposed in this instant order, the Court DENIES Plaintiff's request for attorneys' fees and costs incurred preparing the instant motion.

/ / /

8

22-CV-01164-GPC-JLB

## CONCLUSION

Based on the above, the Court ADOPTS the Report and Recommendation, GRANTS IN PART the motion as to civil contempt and as to sanctions in the form of coercive per diem fines, and DENIES IN PART the motion as to Plaintiff's request for additional attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated:  March 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

22-CV-01164-GPC-JLB