UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STANZ, individually and derivatively on behalf of Jet Genuis Holdings, Inc., <br><br>           Plaintiff, <br><br> v. <br><br> JORDAN BROWN, et al., <br><br>           Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No.:  22-cv-01164-GPC-JLB <br><br> **ORDER AWARDING ATTORNEY'S FEES** <br><br><br> [ECF Nos. 236, 238] |

Before the Court is a Declaration of Attorney Matt Blum in support of Reasonable Attorney's Fees Incurred ("Declaration").  (ECF No. 238.)  The Declaration was filed in response to the Court's January 29, 2026, Order Granting Plaintiff's Request for Attorney's Fees.  (ECF No. 236.)  For the reasons set forth below, the Court **GRANTS** Plaintiff's request for attorney's fees in the amount of $12,595.00.

## I. BACKGROUND

### A. Relevant Procedural Background

On January 9, 2025, Plaintiff filed a Motion to Compel, seeking an order for the production of documents and an award of attorney's fees.  (ECF No. 188.)  Plaintiff sought

1

to compel responses to Plaintiff's Requests for Production ("RFP") (Set One) served on Defendants Brown, JGH, Jet Genius Florida Holdings, Inc., Bowman Aviation, Inc., Jet Agency Global, LLC, C3 Jets, LLC, and C3 Limo, LLC (collectively, "Defendants"). (*Id.* at 2.)  On January 14, 2025, Defendants filed an opposition (ECF No. 190) and Plaintiff duly replied (ECF No. 191).  On May 15 and May 28, 2025, the Court held hearings on Plaintiff's Motion to Compel. (ECF Nos. 207, 210.)  On June 6, 2025, an Order was issued granting Plaintiff's Motion to Compel and setting a discovery schedule.  (ECF No. 215.)

After the initial 10-day timeframe for compliance set forth in the Motion to Compel Order passed, Plaintiff's counsel initiated the meet-and-confer process on June 17, 2025. (ECF No. 217 at 4.)  During the meet-and-confer phone call, Defendants' Counsel informed Plaintiff's counsel that "he was working on it, but made no promises," with the subsequent 14-day windows for production eventually passing without any compliance from Defendants.  (*Id.* at 4-5 (citing ECF No. 217-1 at 2, ¶ 3).)

On June 25, 2025, Plaintiff filed an *Ex Parte* Application for an Order to Show Cause why Defendants Should not be Held in Contempt for Failing to Comply with a Court Oder ("Ex *Parte* Motion").  (ECF No. 217.)  Pursuant to the undersigned's Chambers Rules, after service of an *ex parte* motion, opposing counsel has until 5:00 p.m. the next court day to file an opposition or to request an extension.  J. Burkhardt's Civ. Chambers R. § VII. Defendants neither filed an opposition nor requested an extension.

On August 7, 2025, the parties lodged with the Court—pursuant to § V of Judge Burkhardt's Civil Chambers Rules—a Joint Discovery Statement, improperly styled a "Joint Motion for Determination of Discovery Dispute."  Due to the substantial overlap between the lodged document and the *Ex Parte* Motion, the Court advised the parties that it would address all the issues in the context of the motion.  The Court provided an additional opportunity for briefing and directed the parties to address any issues not already included in the initial motion in the remaining briefing. (ECF No. 223.)  Specifically, the Court ordered Defendants to file an opposition to the *Ex Parte* Motion by August 25, 2025, and Plaintiff to file a reply by September 2, 2025.  (*Id.* at 2.)  Defendants again did not file

22-cv-01164-GPC-JLB

an opposition.  Plaintiff filed a Notice of No Reply Brief, informing the Court that it did not file a reply "because there [was] no opposition for Plaintiff to address." (ECF No. 225 at 2.)

In the *Ex Parte* Motion, Plaintiff represented that, with one exception, Defendants failed to comply with the Motion to Compel Order.  (ECF No. 217 at 2.)  However, a review of the subsequent Joint Discovery Statement revealed that Defendants produced *some* discovery subsequent to the filing of the *Ex Parte* Motion; thus, the *Ex Parte* Motion no longer accurately reflected the current status of Defendants' compliance or noncompliance with the Order.  (*See* ECF No. 226 at 1.)  The Court therefore ordered Plaintiff to supplement its *Ex Parte* Motion no later than October 3, 2025, "to reflect the aspects of the [Motion to Compel Order] with which Plaintiff maintains Defendants have still failed to comply," and ordered Defendants to file an opposition by October 10, 2025.  (*Id*. at 2.)  Plaintiff filed the Court-ordered supplement ("Supplement") on October 3, 2025.  (ECF No. 228.)  Defendants once again filed no opposition.  As Defendants did not file an opposition despite three opportunities to do so, the Court deemed Plaintiff's *Ex Parte* Motion unopposed.  (ECF No. 236 at 10.)

In the *Ex Parte* Motion, Plaintiff sought, in part, an award of all reasonable attorneys' fees and costs incurred since June 6, 2025, as a result of Defendants' noncompliance with the Motion to Compel Order, including all attorney's fees and costs incurred preparing the *Ex Parte* Motion. (ECF No. 217 at 10.)  On January 29, 2026, the Court granted Plaintiff's Request for Attorney's Fees.  (ECF No. 236.)  Within the Order, Plaintiff was instructed to "file supporting declarations and documentation sufficient to support its request for attorney's fees and costs within ten (10) days" of the date of the Order.  (*Id*. at 33.)  On February 6, 2026, Plaintiff filed the Declaration.  (ECF No. 238.)  Plaintiff seeks $12,595.00 for attorney's fees "as a result of 22.9 hours of legal work directly tied to the drafting of the *Ex Parte* Application for OSC and Supplemental briefings." (*Id*. at 4.) Defendants were given an opportunity to object to Plaintiff's fee request (ECF No. 236 at 34–35) but have not filed an opposition.

22-cv-01164-GPC-JLB

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(C) permits a party to recover "*reasonable expenses, including attorney's fees, caused by the failure*" of the opposing party to comply with a court order.  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  District courts have "wide discretion" in determining what fees and expenses to award so long as the court applies the appropriate standards.  *See Fox v. Vice*, 563 U.S. 826, 838–39 (2011).

Under Rule 37(b)(2)(C), the moving party may recover "only the portion of his fees that he would not have paid but for the misconduct" at issue.  *Silence v. McNamara*, No. 2:22-cv-02052-MAA, 2024 WL 6847417, at *8 (C.D. Cal. Sept. 6, 2024) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017)).  The expenses and fees awarded by the court must be reasonable. Fed. R. Civ. P. 37(b)(2)(C).  Reasonableness is customarily initially evaluated by the lodestar method.  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Silence*, 2024 WL 6847417, at *16–21 (applying the lodestar method to an award of expenses and fees under Rule 37(b)(2)(C)).

## III.    DISCUSSION

Defendants failed to file an opposition to Plaintiff's fee request.  *Roush v. Berosini*, 66 F. Appx 725, 726 (9th Cir. 2003) (the party subjected to the fee should be provided with "an opportunity to review the itemized billing statements and a renewed opportunity to object to the requested fees . . .").  Notwithstanding Defendants' non-opposition, "courts are required to evaluate the reasonableness of counsel's fees, regardless of a challenge by opposing counsel." *Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2021 WL 120830, at *6 (S.D. Cal. Jan. 13, 2021) (citation omitted).

Plaintiff seeks $12,595.00 in attorney's fees.  (ECF No. 238 at 4.)  Plaintiff contends that amount is a result of 22.9 hours of legal work at a standard billing rate of $550.00 per hour, directly related to drafting the *Ex Parte* Motion.  (*Id*.)  Included within the Declaration is a ledger of the attorney's fees incurred as a result of the work performed.  (*Id*. at 3–4.)

22-cv-01164-GPC-JLB

Plaintiff, as "the fee applicant[,] bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Affidavits of counsel satisfy this burden provided the affidavit is "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 946 (9th Cir. 1993) (internal quotation and citation omitted). A sufficiently detailed affidavit should "disclose[] the nature of the services rendered in connection with unavailing efforts to obtain discovery, the amount of attorney time so consumed, and the rates at which this time was billed to the client." *Id*. When a fee request is "poorly documented," the district court may "reduce the fee" or request "more detailed information," but may not "deny[] the fee application in its entirety." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

In assessing reasonableness, the Court begins with the lodestar analysis. *See* Fed. R. Civ. P. 37(b)(2)(C); *Morales*, 96 F.3d at 363; *Silence*, 2024 WL 6847417, at *16–21. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363. After making the lodestar computation, the Court may adjust the lodestar figure based on a number of "reasonableness" factors, including "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."[1] *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citations omitted).

---

[1] The complete list of factors includes: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (citing *Kerr v. Screen Guild*, 526 F.2d 67, 70 (9th Cir. 1975)).

## A.      Reasonable Hourly Rates

As an initial matter, the Court notes that Plaintiff's counsel provided no case citations reflecting what reasonable rates are for attorneys in this community with similar skills and experiences to Plaintiff's counsel.  (*See generally* ECF No. 238.)  As the Court has little evidence aside from the Declaration to support the fee request,[2] the Court may "rely on its own familiarity with the legal market" to determine the reasonable rates of counsel. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  Specifically, the Court must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation and citation omitted).

For the reasons set forth in the Court's order of August 14, 2025 (ECF No. 224 at 8-10), the Court concludes the $550.00 hourly rate asserted by Mr. Blum is "in line with those prevailing in the community for similar services by lawyers of reasonably

---

[2]      The Court is disappointed that Plaintiff did not support its request with adequate documentation of the reasonableness of the fee rate requested, despite the language in the Court's order that:

> . . . Plaintiff SHALL FILE supporting declarations and documentation sufficient to support its request for attorney's fees and costs within ten (10) days of the date of this Order.  See id. at *3 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citation omitted) ("The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rate(s) requested.")).

(ECF No. 236 at 33-34.)

comparable skill, experience, and reputation." *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citation and internal quotation marks omitted). Accordingly, the Court will utilize that rate in the lodestar analysis.

## B.    Reasonable Number of Hours Expended

The appropriate number of hours to be included in a lodestar calculation in the context of Rule 37(b)(2)(C) sanctions are those that would not have accrued but for the misbehaving party's conduct. *See Haeger*, 581 U.S. at 109; *see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17cv1943-LAB-LL, 2019 WL 3769191, at *10 (S.D. Cal. Aug. 9, 2019) (including in the lodestar analysis hours accrued drafting motions and engaging in legal research related to the disobedient party's noncompliance, engaging in meet and confer efforts with opposing counsel and experts, and conferencing with the court). "The district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434); *see also Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 117-18 (S.D. Cal. 2024) (excluding from the lodestar analysis hours accrued responding to motions not directly related to the sanctioned behavior and compiling exhibits that were not requested by the court). "Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ('fees on fees')." *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG (DMR), 2015 WL 3453459, at *1 (N.D. Cal. May 29, 2015) (citing *Anderson v. Dir., OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

Here, the Court finds the 22.9 hours claimed by Plaintiff to be reasonable. In this case, "time that would not have accrued but for the opposing party's misconduct." includes time spent by Plaintiff's counsel analyzing discovery responses, undertaking meet and confer efforts with opposing counsel, and updating Plaintiff on Defendants'

noncompliance.  *Id*. at \*9–10. [3]  The Declaration provides enough detail to directly link each of the 22.9 hours claimed to Defendants' noncompliance with the Court's Motion to Compel Order (ECF No. 215).  *Hensley*, 461 U.S. at 437 n. 12 (the fee applicant "is not required to record in great detail how each minute of his time was expended" to show relatedness of the hours claimed).  "The essential goal in shifting fees (to either party) is to do rough justice . . . ."  *Fox*, 563 U.S. at 838.  Recognizing every hour that Plaintiff's counsel accrued because of Defendants' noncompliance achieves this goal.

## C.    Lodestar calculation

Based on the foregoing discussion, Plaintiff's lodestar figure is $12,595.00.[4]  The Court finds this amount to be reasonable without the need for further adjustment.  *See, e.g., Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (quoting *In re Bluetooth*, 654 F.3d at 941–42) (a court may adjust the lodestar calculation by an appropriate multiplier "reflecting a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'").

///

///

///

---

[3]    Previously, the Court limited Plaintiff's fee recovery under Rule 37(a)(5)(A) to the reasonable expenses incurred by Plaintiff's counsel in filing a reply in support of his Motion to Compel Discovery and attending hearings before the Court related to that motion.  (ECF No. 224 at 10–11.)  At that time, the Court determined Plaintiff was not entitled to recover expenses that were "not clearly tied to the drafting of Plaintiff's Reply Brief" such as "review of discovery responses and production, meet and confer efforts, and client conferences." (*Id*. at 12.)  The Court reasoned that Plaintiff's counsel—who became counsel of record shortly before filing the motion—would have been required to undertake these actions to get up to date to the case regardless.  (*Id*.)

[4]    The lodestar figure of $12,595.00 is the product of the 22.9 hours expended by Plaintiff's counsel multiplied by Plaintiff's counsel's hourly rate of $550.00.

22-cv-01164-GPC-JLB

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff is awarded $12,595.00 in attorney's fees. Defendants must pay Plaintiff a total of $12,595.00 in fees within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  June 23, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

22-cv-01164-GPC-JLB