UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc.,

Plaintiff,

v.

JORDAN BROWN et al.,

and

JET GENIUS HOLDINGS, INC.,

Defendants.

Case No. 3:22-CV-01164-GPC-JLB

**ORDER DENYING WITHDRAWAL OF COUNSEL AND DENYING MOTION TO APPEAR BY VIDEO CONFERENCE**

**[ECF Nos. 249, 256]**

On July 21, 2026, GRANT | SHENON | ALMARAZ, A Professional Law Corporation ("GSA") and all attorneys associated with it filed an *ex parte* motion to withdraw from representation of Defendants Jordan Brown, Jet Genius Holdings, Inc., Jet Genius Florida Holdings, Inc., C3 Jets LLC, C3 Limo LLC, Jet Agency Global, LLC, and Bowman Aviation, Inc. ("Defendants"). No opposition was filed.

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D. Cal. 1992). Courts should consider the following factors when ruling upon a motion to withdraw as counsel:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case.

*Deal v. Countrywide Home Loans,* No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

In addition, Rule 1.16(b)(4) of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively. Cal. R. Prof. Conduct 1.16(b)(4).

GSA has stated that "[i]rreconcilable differences have arisen between GSA and Defendants concerning the attorney-client relationship and continued representation…[which] have resulted in a breakdown of the attorney-client relationship and have rendered it unreasonably difficult for GSA to continue representing Defendants effectively." ECF No. 249 at 9. Given that the application did not state specific reasons, the Court ordered GSA to file additional information for in camera review. GSA did not file any supplemental materials.

As GSA does not adequately explain reasons for withdrawal, the *ex parte* motion to withdraw is **DENIED**. The hearing set on August 21, 2026 shall be **VACATED**, and Defendant's motion to appear by video conference is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Hon. Gonzalo P. Curiel
United States District Judge