Matt Blum, Esq., SBN: 285944
The Law Office of Matt Blum
550 W C Street, Suite 960
San Diego, CA 92101
Mblumlaw@gmail.com
Tel: 860-271-6273
Fax: 619-238-1351

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff AARON STANZ, individually and derivatively on behalf of Jet Genius Holdings, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Defendants JORDAN BROWN; JET GENIUS HOLDINGS, INC.; JET GENIUS FLORIDA HOLDINGS, INC.; C3JETS LLC; BOWMAN AVIATION, INC.; JET AGENCY GLOBAL, LLC; C3 LIMO LLC; JETCHARTER.COM LLC; and DOES 1-20,<br><br>Defendants,<br><br>and<br><br>JET GENIUS HOLDINGS, INC.,<br>Nominal Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:22-cv-01164-GPC-JLB<br><br>Dist. Judge: Hon. Gonzalo P. Curiel<br>Mag. Judge: Hon. Jill L. Burkhardt<br><br>**JOINT MOTION TO PROPOSE REVISED SCHEDULE**<br><br>Complaint Filed: August 8, 2022<br>SAC Filed: August 21, 2023<br>Trial Date: Not Yet Set |

Plaintiff Aaron Stanz ("Plaintiff") and Defendants Jordan Brown, C3Jets LLC, Bowman Aviation, Inc., Jet Agency Global LLC, and C3 Limo LLC (collectively, "Defendants"), through their respective undersigned counsel of record, hereby submit this Joint Motion to Propose a Revised Schedule and respectfully state as follows:

1. WHEREAS, the parties continue to navigate compliance efforts and ongoing enforcement proceedings regarding outstanding discovery obligations set forth in the Court's Order on Plaintiff's Motion to Compel (ECF No. 215) and the subsequent Order Adopting Report and Recommendation on Civil Contempt (ECF No. 239);
2. WHEREAS, while Defendants have made several responsive productions, critical issues persist regarding court-ordered Electronically Stored Information (ESI), specifically including the inspection, copying, and production of responsive materials from Defendant Jordan Brown's centralized Gmail accounts, enterprise cloud systems, and company-issued or controlled cell phone records as mandated by ECF Nos. 215 and 239;
3. WHEREAS, the parties are actively meeting and conferring to establish a compliant protocol for capturing and reviewing the remaining electronic data—including engaging forensic assistance.
4. WHEREAS, the current pre-trial disclosure schedule contemplates deadlines beginning November 13, 2026, which precedes the anticipated completion of the court-ordered ESI extraction, production, and subsequent verification process;
5. WHEREAS, Plaintiff maintains that complete ESI production is essential to prevent severe evidentiary prejudice, allow proper tracing of corporate assets, and prepare adequately for trial;
6. WHEREAS, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order to ensure that all discovery disputes are

resolved and necessary materials are fully produced prior to commencing pre-trial disclosure and conference obligations;

NOW, THEREFORE, the parties hereby stipulate and jointly request that the Court enter the following revised pre-trial schedule:

## I. Proposed Revised Schedule

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Pre-trial disclosures** | November 13, 2026 | **March 11, 2027** |
| **Counsel to meet regarding pre-trial matters** | November 20, 2026 | **March 18, 2027** |
| **Prepare and review the pre-trial order** | November 27, 2026 | **March 25, 2027** |
| **Lodge final Pre-trial Conference Order** | December 11, 2026 | **April 11, 2027** |
| **Final Pre-trial Conference** | December 18, 2026 | **April 18, 2027** |

Further, in response to the Court's comments on the prior joint stipulation that was denied without prejudice, the Parties submit the following timeline for the collection and production of at-issue ESI:

**TIMELINE FOR COMPLETION OF THE ESI INSPECTION, COPYING, PRODUCTION, AND REVIEW PROCESS**

As used below, "Compelled Requests" means Requests for Production Nos. 28, 31–33, 37–39, 43, 53, 54, 58, and 64–70, the requests at issue in the Court's Order on Plaintiff's Motion to Compel (ECF No. 215 at 15–19, 25–26, ¶¶ 1, 3) and the Order Adopting Report and Recommendation on Civil Contempt (ECF No. 239 at 19–22).

| No. | Step | Responsible Party | Deadline |
|---|---|---|---|
| 1 | Serve proposed search terms drawn from the language of the Compelled Requests, for the period December 13, 2016 to present | Defendants | November 12, 2026 |
| 2 | Meet and confer and reach agreement on search terms and categories of server data | All parties | November 17, 2026 |
| 3 | Engage a third-party forensic vendor for the company cell phone used by custodian Marie Stone and identify the vendor to Plaintiff | Defendants | November 30, 2026 |
| 4 | Copying: complete Google Vault/Takeout exports of the custodians' Gmail accounts, including the terminated@jetgenius.com archive; snapshots of Defendants servers in the AWS and DigitalOcean environments; and copies of any other electronic storage media within Defendants' possession, custody, or control for the agreed-upon custodians (ECF No. 239 at 19); provide hash values and collection documentation | Defendants | December 4, 2026 |

| No. | Step | Responsible Party | Deadline |
|---|---|---|---|
| 5 | Inspection and copying: vendor completes forensic extraction of the company cell phone (Plaintiff's expert may observe in person or by live video); provide hash values | Defendants | December 18, 2026 |
| 6 | File the declarations required by ECF No. 239 at 21–22 regarding the custodians' cell phones | Entity Defendants | December 18, 2026 |
| 7 | Review and production: apply agreed search terms, review for responsiveness to the Compelled Requests, and produce Google account data | Defendants | December 18, 2026 |
| 8 | Review and production: produce responsive cell phone and server data | Defendants | January 8, 2027 |
| 9 | Serve privilege log for any withheld documents | Defendants | January 22, 2027 |
| 10 | Review production and meet and confer regarding any claimed deficiencies | All parties | January 29, 2027 |
| 11 | Raise any unresolved ESI dispute with the Court in accordance with the Court's Chambers Rules | All parties | February 5, 2027 |

If any collection method proves technically infeasible once collection is underway, Defendants will notify Plaintiff within three business days and propose a reliable alternative, and the parties will meet and confer promptly so that the deadlines above are not affected.

*It is so stipulated.*
Dated: November 10, 2026

*/s/ Matthew M. Blum, Esq.*
Matt Blum, Esq.
The Law Office of Matt Blum
Attorney for Plaintiff

*It is so stipulated.*

Dated: November 10, 2026

*/s/ Adam Grant, Esq.*
Adam Grant, Esq.
Grant Shenon Almaraz, APLC
Attorney for Defendants